Faulkner *v.* The Delaware & Raritan Canal Co.

---

## FAULKNER *vs.* THE DELAWARE & RARITAN CANAL Co.

It is no answer to a plea of the statute of limitations that the defendants are a corporation created by and under the laws of another state.

The exceptions to the operation of the statute of limitations, in cases where the debtor or party liable was out of the state when the cause of action accrued, or subsequently departed from the state, (2 *R. S.* 297, § 27,) apply to natural persons only, and not to corporations.

DEMURRER to rejoinder. The suit was commenced by attachment against the defendants, described as a foreign corpora-

tion created under and by virtue of the laws of the state of New-Jersey, the plaintiff being a resident of the state of New-York. The declaration is in assumpsit, containing the common counts for money, services and goods, and on an account stated. The defendants pleaded *actio non accrevit infra sex annos.* Replication, that the defendants were and are a body corporate, created under and by virtue of the laws of the state of New-Jersey, and that they are not and were not a corporation created under or by virtue of any law or laws of the state of New-York. Rejoinder, that this action was commenced by attachment under the provisions of the revised statutes, *(vol. 2, p. 459, §§ 15 to 20,)* and the amended act of 1840, *(p. 296,)* which attachment was issued and delivered to the sheriff on the 13th June, 1842, and served on the following day; that at the time the said supposed causes of action accrued and at all times since, the defendants have had, owned and possessed goods, wares, merchandizes, property and estate real and personal, within the state of New-York and in the city of New-York, liable *to* attachment, and which might and could have been at any time attached by the plaintiff under the statutes aforesaid, and a suit have been thereby commenced against the said defendants. Demurrer and joinder.

*S. Sherwood,* for the plaintiff. The defendants being a corporation created by the laws of New-Jersey, were necessarily resident out of the state of New-York. The statute of limitations could not, therefore, run in their favor "till after their return into this state," which has not happened. The phrase, " returning into this state," applies as well to non-residents as to those who had previously resided in this state. (*Fowler* v. *Hunt,* 10 *John. R.* 464; *Ruggles* v. *Keeler,* 3 *id.* 267.)

The word *persons* includes corporations as well as natural persons. (*The People* v. *The Utica Ins. Co.* 15 *John. R.* 382; *Ontario Bank* v. *Bunnell,* 10 *Wend.* 192.)

*G. Wood,* for the defendants.

Faulkner *v.* The Delaware & Raritan Canal Co.

*By the Court*, BEARDSLEY, J. These defendants, although a foreign corporation, had a right to appear and defend this action, (2 *R. S.* 459, §§ 15 *to* 30; *Amended Laws* 1840, *p.* 296; *Laws* 1842, *p.* 227;) and they might interpose any defence which was applicable to their case.

The action is assumpsit, to which the statute of limitations was pleaded; and the answer furnished by the replication is, that the defendants were and are a corporation created under the laws of New-Jersey, and not created by virtue of any law of the state of New-York. But this is no legal answer to the plea. The statute is explicit that actions of assumpsit "shall be commenced within six years next after the cause of such action accrued, and not after." (2 *R. S.* 295, § 18.) No exception is found in this section, and it applies, *prima facie*, in favor of any defendant, whether an artificial or a natural person. It is true that other parts of the statute make exceptions which take various classes of cases out of the operation of the *eighteenth* section. Thus, section *twenty-four* creates exceptions in favor of certain persons, as infants, married women and others, who are entitled to bring suits. Other exceptions are found in the next two sections, and the *twenty-seventh* section declares, that if at the time when a cause of action accrues " against any *person*, he shall be out of the state"—" and if after such cause of action shall have accrued, such *person* shall depart from and reside out of this state," the time of such absence shall in neither case be taken as any part of the time limited for the commencement of an action against him.

The word *person* is here used, and that word in a statute may include a corporation as well as a natural person; but it will not be understood in the former sense where it would be repugnant or absurd to give it such an application. (*Id.* 779, § 11.) The cases excepted by section *twenty-seven*, are against persons who have for a time been out of the state, but have afterwards returned within its limits. These provisions manifestly apply to *natural* persons only, and cannot be made to embrace corporations. (*McQueen* v. *The Middletown Manuf. Co.* 16 *John. R.* 5.)

According to this replication, the defendants were created a corporation under the laws of New-Jersey; they can therefore have no legal existence out of the boundaries of the sovereignty by which they were so incorporated. A corporation exists, as was said by Chief Justice Taney, " only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But although it must live and have its being in that state only, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another." (*Bank of Augusta* v. *Earle,* 13 *Peters,* 588; *Runyan* v. *The lessee of Coster,* 14 *id.* 129.) Hence it may prosecute and defend suits out of the state where it was created, as upon some subjects and for some purposes it may, in the same situation, make contracts and acquire title to property.

It is very plain upon all this that the replication cannot be supported under section *twenty-seven.* This corporation has dwelt only in New-Jersey; it has never departed from nor returned to the state of New-York; it has never been in New-York. I know of no statute provision or principle of law upon which the replication can be upheld. As the plea is good and the replication bad, it is unnecessary to look at the rejoinder. The defendants are entitled to judgment, but the plaintiff may amend on the usual terms.

Judgment for defendants.