## OLCOTT *vs.* THE TIOGA RAIL ROAD COMPANY.

The statute of limitations is a good defense to an action brought against a foreign corporation, upon contract.

The exceptions in the statute of limitations, of cases where the debtor " shall be out of the state" when the cause of action accrues, or shall afterwards " depart from and reside out of the state," apply only to natural persons. Corporations therefore are not embraced in the exceptions.

In the application of the principle of *stare decisis,* the supreme court should regard the decisions of the supreme court of this state at any former period, as being the decisions of the same court.

There should, at some time, in the supreme court, be an end of discussion, when questions decided should be deemed at rest until the decision is reversed in the court of last resort. Such, as a general rule, should be the case with all questions carefully and distinctly decided by the former supreme court, upon full argument, or by the existing court, at any general term thereof. *Per* SMITH, J.

Olcott *v.* Tioga Rail Road Company.

There is, however, an obvious distinction between cases where the point de-
cided was not the leading or chief point in the case—where it did not re-
ceive full discussion at the bar, or was incidentally decided, without full
examination, and those cases where the point in question was singly pre-
sented, fully discussed by counsel, and distinctly passed upon by the court.
*Per* SMITH, J.

APPEAL by the plaintiff from a judgment entered at a
special term, upon the report of a referee. The action
was brought upon a draft for $9064.71, made on the 19th of
May, 1841, by the Tioga Navigation Company, now the Tio-
ga Rail Road Company, on Hiram W. Bostwick, treasurer of
the Tioga Coal, Iron, Mining and Manufacturing Company,
payable to the order of Rogers, Ketchum & Grosvenor, and
duly accepted. The referee found the following facts:

That the defendant, a foreign corporation, was created by
act of the legislature of Pennsylvania. That James Wilson, as
president of the Tioga Rail Road Company, (the defendant,)
purchased of Rogers, Ketchum & Grosvenor, a locomotive for
the use of said company, and in payment therefor, gave the
draft upon which the action was brought. That the "Tioga
Coal, Iron, Mining and Manufacturing Company," upon
which the draft was drawn, was a company incorporated by
the laws of the state of New York, operating a rail road con-
necting with the defendant's rail road at the state line, and
running to Corning in the state of New York. That Hiram
W. Bostwick was president of the last mentioned company,
and as such, accepted the draft. That Wilson, as president
of the first company, was authorized to draw, and Bostwick,
as president of the last named company, was authorized to
accept, such draft. That the locomotive purchased with said
draft was used and operated upon the roads of the respective
companies. That the purchase of the locomotive by Wilson,
as president, and the giving the draft, was the act of the de-
fendant, authorized at the time, and ratified afterwards. That
the draft was duly protested for non-payment. That the
plaintiff was the lawful holder of said draft. That the cause

of action did not accrue within six years next preceding the bringing of said action. The statute of limitations having been pleaded, the referee found, as a conclusion of law, that the plaintiff was barred from having and maintaining his action. He considered the precise question raised by the plaintiff, (to wit, that the defendant being a foreign corporation, and having no legal existence in this state, the case was within the exceptions of the statute as to persons residing out of the state,) was settled adversely to the plaintiff, in the case of *Faulkner* v. *Delaware and Raritan Canal Co.,* (1 *Denio,* 441.) He therefore decided that the plaintiff's claim was barred by the statute of limitations, and ordered a judgment of nonsuit.

*Geo. T. Spencer,* for the appellant. I. The referee having found sufficient facts to authorize a recovery by the plaintiff, except that the cause of action did not accrue within six years, the only question in the case is, whether the defendants, being a foreign corporation, and not capable of being in or returning to this state, can in an action in its courts avail themselves of that statute ; in other words, whether a foreign corporation is within the exception embraced in section 27 of that title of the revised statutes commonly called the statute of limitations, and which is as follows : " If, at the time when any action specified in this article shall accrue against any person, he shall be out of this state, such action may be commenced within the time herein respectively limited after the return of such person into this state ; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

II. The Tioga Rail Road Company being a corporation of the state of Pennsylvania, created by and under its laws, was never capable of having an existence elsewhere, and consequently, at the time the cause of action accrued, was out of

this state, within the exception of the statute. A corporation can have no legal existence out of the boundaries of the sovereignty by which it is created, must dwell in the place of its creation, and cannot migrate to another sovereignty. (*Bank of Augusta* v. *Earle*, 13 *Peters*, 519. *Runyan* v. *Lessees of Coster*, 14 *id.* 129.)

III. A corporation is included in the term *person*, as used in the exception of the statute. In the first place, this is so declared in several statutes of this state. By the statute relating to crimes and their punishment, (2 *R. S.* 703, § 35,) " When the term person is used in this chapter to designate the party whose property may be the subject of any offense, such term shall be construed to include the United States, this state, or any other state government or country which may lawfully own any property within this state, and all public and private corporations." By the act concerning the revised statutes, passed December 10, 1828, section 11, (2 *R. S.* 778,) it is provided, whenever in the revised statutes, or in any other statute, any subject, matter, party or person is described or referred to by words importing the singular number or masculine gender, several matters and persons and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included, and these rules of construction shall apply to all cases, unless it be otherwise specially provided, or unless there be something in the subject or context repugnant to such construction. There is certainly nothing in the *context* of the statute under consideration repugnant to a construction of the word person as including corporations; for there is nothing further relating to the subject. Neither is there any thing in the *subject* of the statute repugnant to such construction; on the contrary, such a construction is the only one which will render the statute consistent. The proviso of the statute contains no exception in favor of foreign corporations, and it manifestly could not be its intention to give the creditor rights against one class of foreign debtors, and withhold such rights in regard to another, and a statute will not

be . so construed as to lead to absurd, false or unjust consequences if it will admit any other construction. (*Smith's Com.* 662. *Commonwealth* v. *Kimball,* 24 *Pick.* 370.) And without any statutory definition, the term person embraces a corporation where a corporation may properly be within the object of the statute. Thus, under the attachment laws of the state of Alabama, corporations are included, although persons only are mentioned. (*Planters' Bank* v. ———, 8 *Porter,* 404.) And so also a corporation is a person, in the purview of acts of Congress, in relation to the jurisdiction of the courts. " A corporation created by and doing business in a particular state, is to be deemed to all intents and purposes a person, although an artificial person, an inhabitant of the same state for the purposes of its incorporation, capable of being treated as a citizen of that state as much as a natural person." (*The Louisville R. R. Co.* v. *Letson,* 2 *How. U. S. R.* 497, 555, 558. *Kilkenny Railway Co.* v. *Fielden,* 2 *Eng. Law and Equity,* 388, 391. 11 *Wheat.* 392.) A foreign corporation may sue and be sued in this state. (2 *R. S.* 457, §§ 1, 2. *Code,* §§ 135, 227, 427. *Laws of* 1855, *chap.* 279.)

IV. The statute of limitations, by reason of the exception in relation to persons being out of or departing from this state, never commences running until the return of such person to this state, and consequently cannot be pleaded by a person who has never been in this state. (*Ruggles* v. *Keeler,* 3 *John.* 263. *Randall* v. *Wilkins,* 4 *Denio,* 577. *Ford* v. *Babcock,* 2 *Sand.* 518. *Bulger* v. *Roche,* 11 *Pick.* 36. *Hull* v. *Little,* 14 *Mass. R.* 203. *Wilson* v. *Appleton,* 17 *id.* 180. *Little* v. *Blunt,* 16 *Pick.* 359. *Cole* v. *Jessup,* 2 *Barb.* 309. *Carpenter* v. *Wells,* 22 *id.* 593.) If the statute of limitations is not a good plea, as decided by the above cases, when the defendant was never in this state until the time when the action was commenced against him, notwithstanding more than six years had elapsed after the cause of action accrued, it follows that the *return* of the defendant is not essential to the right to bring the action after the expiration of the statute time.

The term *return* is only applicable to a person who has before been in this state. And such has been the construction of similar statutes in England. In the case of *Laford* v. *Ruddock*, (24 *Eng. L. and Eq.* 239,) the question was whether a plaintiff who had never been in England was within the exception of the statute of limitations of that country, providing that if any person entitled to bring an action shall be at the time such cause of action accrues beyond the seas, such person shall be at liberty to bring the same actions within such times as are before limited after their being *returned* from beyond the seas; it was held on the authority of *Strithorst* v. *Graeme*, (2 *Wm. Black.*) and on principle, that if the party having a right of action never comes to England, he always has a right of action while he lives abroad, notwithstanding, by the terms of the statute, he must bring his action within six years after his *return*, which has never happened, and that the statute never runs till the disability or cause of exception is removed. The same point was decided in the court of exchequer, in the case of *Townsend* v. *Deacon*, (3 *Exchequer R.* 706.) In that case the party in favor of whom the right of action existed died abroad more than six years after the same accrued, and of course never could *return*. And the point has been adjudged in the same way by the supreme court and court of appeals in this state. In *Benjamin* v. *De Groot*, (1 *Denio*, 151,) the action was against an executor. The defendant pleaded the statute of limitations. The plaintiff replied that, at the time the cause of action accrued, the defendant's testator was out of the state, and so continued till his death, and that the action was brought six years after the granting of letters testamentary. To which replication there was a demurrer, upon which judgment was for the plaintiff, on the ground that the statute had not begun to run in favor of the testator at the time of his death, and that the case, though not within the words of the exception of the statute, was yet within the equity of it. This is one of the cases where the person against whom the cause of action accrued never did and

never could *return.* The same point is decided in *Davis* v. *Garr,* (2 *Selden,* 124,) where the case of *Benjamin* v. *De Groot* is cited with approbation; also *Douglass* v. *Forrest,* (4 *Bing.* 686.) If the case of *The Delaware and Raritan Canal Co.* v. *Faulkner,* (1 *Denio,* 440,) the only authority for the defendants, is good law, then the statute of limitations would be a good plea in an action commenced by attachment or publication of summons against a non-resident debtor who never was in this state, either before, at the time of, or after the commencement of the action. For there would no more be a *return* in his case than in the case of a foreign corporation.

V. If the exception of the statute, as appears by all the authorities, includes a person who never has returned, and never could return, to this state, it follows that it may as well include a foreign corporation, notwithstanding any thing in its character or locality which forbids its physical return or existence in this state. Such a construction would not be repugnant to the subject of the statute, and would therefore be in accordance with the rule contained in section 11, page 778, vol. 2 of the revised statutes. And such has been the construction given to a similar statute of Vermont, by the supreme court of the United States. (*Society for the Propogation &c.* v. *Town of Pawlet,* 4 *Peters,* 480, 505, 506.) In that case the question was whether a corporation was included in the exception of a statute of limitation, providing that the act should not extend to bar any infant *person* imprisoned or beyond the seas, without any of the United States. The plaintiffs were a foreign corporation, and "being beyond the seas," within the proviso of that act, were held not to be barred. And by the recent decisions of the same court, the residence of a corporation is the state by which it is created, without regard to the residence of its corporators. (*Louisville R. R. Co.* v. *Letson,* 2 *How. U. S. R.* 499, &c. 7 *John. Ch. R.* 129. 7 *How. Pr. R.* 228, 239. 10 *id.* 7, 8. 5 *Paige,* 601.)

VI. The reason of the statute applies as well to foreign

corporations as to natural persons. The mischief which this exception was designed to meet was, that without it the citizens of this state would be compelled to go abroad to enforce their demands against persons who should be or go beyond the jurisdiction of our courts ; and this mischief obviously affects the creditor of a corporation equally with the creditor of a natural person, and it will not be presumed that the legislature intended to exempt corporations from liabilities to which natural persons are subject. (*Bacon's Abr., Limitation of Actions, E. Id. Statute I,* 6. *Smith's Com.* 819. *The People* v. *The Utica Ins. Co.,* 15 *John.* 358. *Henry* v. *Tilson,* 17 *Vermont R.* 479. *United States* v. *Aundy,* 11 *Wheat.* 392.)

VII. The court will take judicial notice of the fact as a matter of daily public history, that this state contains the great commercial emporium of the United States, and indeed of the whole western continent ; that this emporium is the seat and center of the vast and complicated transactions of almost numberless foreign corporations of every state of the union, and of foreign countries, whose financial affairs are there managed, and whose bonds and other evidences of debt are there negotiated ; manufacturing corporations making purchases on credit ; insurance companies incurring liabilities, and rail road companies issuing stocks and borrowing money. (1 *Greenl. on Ev.* § 5.) The transactions of natural persons who are, or who go, out of this state are few and of small moment, when compared with those of artificial persons called foreign corporations, who never come into this state except through their agents, to contract some debt which they seek to repudiate through the pretense that they can have no existence, and consequently no liability here. What can be more absurd than to suppose that the legislature intended to make a law for a small class of persons whose personal rights travel with them wherever they go, and whose coming or return to this state is always encouraged ; and exempt that larger class of artificial persons, whose ex-

istence at home is merely recognized here as matter of comity towards the power by which they are created.

*R. Campbell*, for the respondent, among other points not noticed by the court, and therefore not necessary to be stated here, insisted upon the following: I. The cause of action set out in the plaintiff's complaint, and proven on the trial, is barred by the statute of limitations. It is a well settled principle of construction of statutes of limitation, not only of the United States courts but of the courts of the several states of the union, that the courts of each state are to give a construction of the statutes of their several legislatures, and when such construction has been given, the same is to govern in all cases, and in all courts of the union. The question at issue in this action, under the defendant's answer setting up the statute of limitations, has been decided by the supreme court of this state in *Faulkner* v. *Delaware and Raritan Canal Co.*, (1 *Denio*, 441.) The decision in that case was concurred in by each member of the court, and its correctness has not been questioned by any court in this state, (in any reported case,) and has been received and adopted by all the courts of this state as a settled construction of the statute of limitations upon the point in question in this action, viz: that the exception contained in 2 *R. S.* 297, § 27, applies to natural persons and not to corporations. When a corporation is said to be a *person*, it is understood to be so only in certain respects, and for certain purposes, for it is strictly a *political institution*. (*Ang. & Ames on Corp.* 3*d ed.* 4.) The statute in regard to work on highways, which declares that "every person owning or occupying land in the town" shall be assessed to work on highways, (1 *R. S.* 505,) has been adjudged not to include corporations. (*Bank of Ithaca* v. *King*, 12 *Wend.* 390.) The act in relation to attachments against absconding debtors, &c. (1 *R. L.* 157,) provides that the real and personal property of every debtor who resides out of the state, &c. shall be liable to be attached and sold, &c. The

court held this act applied to natural-persons only, not to bodies corporate. (*McQueen* v. *Middletown Manuf. Co.*, 16 *John.* 5.) Generally the term persons will be confined to natural persons, unless from the context or other parts of the act it appears that corporations were intended. (*School Directors* v. *Carlisle Bank*, 8 *Watts' Penn. R.* 192. *Blair* v. *Worley*, 1 *Scam. Ill. R.* 178.) The case cited by the appellant's counsel—*Louisville Rail Road Co.* v. *Letson*, (2 *Howard*, 558)—is not a construction of a state statute, but of a statute of the United States, in regard to commencing suits in the United States courts; and the decision declares that for such purposes, (*i. e.* the commencing a suit,) a corporation is to be deemed a person or inhabitant of the state where located; not that a corporation shall be deemed to be a person in any other state, or within the purview of any other state statute. The supreme court of the United States could not overrule the construction put upon a statute of limitations of this state, by the supreme court of this state, without repudiating and nullifying all its former decisions as to the power of state courts to construe the state laws of the several states. (*Ang. on Lim.* 25. 3 *Peters*, 270. *U. S. Judiciary Act*, 1789, § 34. *Pittsburgh Trans. Co.* v. *Cullen*, 8 *Ser. & Rawle*, 517. *Nash* v. *Rector*, 1 *Miles' Penn. R.* 78. *Dawson* v. *Campbell*, *Id.* 171. 4 *Zabriskie*, 222. 3 *id.* 429. *Peckham* v. *North*, 16 *Pick.* 286. 9 *Paige's Ch. R.* 216. 15 *Ser. & Rawle*, 173. *Ang. on Corp.* 396, 397, 398.) The statute is general, and applies to all the causes of action mentioned in it. If the plaintiff claims the benefit of an exception, he must bring himself within the very letter of the exception. (*Ang. on Lim.* §§ 194, 485, 486.)

II. The legal presumption is, that the draft in question has been paid.

*By the Court,* E. DARWIN SMITH, J. Whether the statute of limitations is a good defense in behalf of a foreign corporation in an action upon contract, is the only point presented in this case for our decision. The referee has found,

Olcott *v.* Tioga Rail Road Company.

as a conclusion of law, that the plaintiff's debt is barred by the statute of limitations, and that the defendant was entitled to a nonsuit on that ground. His decision was expressly put upon the case of *Faulkner* v. *The Delaware and Raritan Canal Co.*, (1 *Denio*, 441,) in which the precise point held by the referee is distinctly decided, and we are now confessedly asked, by the counsel for the plaintiff, to overrule that decision. If we were sitting in a court of review, the correctness of that decision, upon principle, would be a legitimate question for discussion and consideration. The case of Faulkner was decided in the old supreme court, about 12 years since. It was decided by a unanimous court, was acquiesced in then, and has been since, without debate or question, so far as we know, till the present occasion. This court, as now organized, is the supreme court still, with the same powers, and governed by the same rules and principles as the old supreme court under the former constitutions of this state. In the application of the principle of *stare decisis* we should regard the decisions of the supreme court of this state at any former period, as the decision of the *same court* in which we are now sitting. It becomes, therefore, an important inquiry, how far, and upon what principle, this court is at liberty to depart from the doctrine of *stare decisis*. Chancellor Kent lays down the rule as follows : " When a rule has been once deliberately adopted and declared, it ought not to be disturbed, unless by a court of appeal or review, and never by the *same court*, except for very cogent reasons and upon a clear manifestation of error ; and if the practice were otherwise, it would be leaving us in a state of uncertainty as to the law." (16 *John.* 402. 20 *id.* 722.) Sir William Jones also says : "No man who is not a lawyer would ever know how to act, and no man who is a lawyer would in many instances know what to advise, unless courts were bound by authority, as firmly as the Pagan deities were supposed to be bound by the decrees of fate." (*Jones' Essay on Bail.* 45.)

The 3000 cases overruled, doubted or limited in their ap-

plication, mentioned in *Greenleaf's Overruled Cases*, indicate that the tendency to assert and to carry out what is supposed to be the right in point of principle, is much greater than that of abiding by precedents and of adhering to decisions. And there is doubtless much greater danger of departing from the sound rule on this subject, in the present organization of this court, divided as it is into eight heads, than there was when the court possessed the unity of a single head, as under the former constitutions of the state. While with the larger number of judges, the press of business upon the court, and the multiplicity of decisions, the proportion of crude and hasty opinions will necessarily be increased ; and while it is the duty of the judges to meet all questions upon principle, and discuss them with freedom and firmness, that justice and right may prevail, yet something, most obviously, should be deemed settled in this court. There should, at some time, in this court, be an end of discussion, when questions decided should be deemed at rest, until the decision is reversed in the court of last resort. Such, as a general rule, should be the case with all questions carefully, clearly and distinctly decided by the old supreme court upon full argument, and by any general term of this court as at present organized. There is, however, an obvious distinction between the cases where the point decided was not the leading or chief point in the cause ; where it did not receive full discussion at the bar, or was incidentally decided, without full examination, and those cases where the point in question was singly presented, fully discussed by counsel, and distinctly passed upon by the court. The case of *Faulkner* was one of the latter case. The question of the statute of limitations was the only one in the case. The point was distinctly presented on demurrer, unconnected with any other question. It was, we may presume from the character of the counsel employed, fully and carefully argued, and was distinctly and singly decided by the court, without dissent or objection. Such a decision should ordinarily be followed, until reversed by the court of appeals.

Olcott *v.* Tioga Rail Road Company.

In accordance with this view, I think the judgment in this case should be affirmed, upon the principle of *stare decisis.* But as the case is one of great importance, and involves a large amount, I will add that I fully concur in the opinion of Judge Beardsley, in the case of Faulkner. This action is one of contract, upon bills of exchange, and was commenced September 19, 1853. At that time, by section 91 of the code, all actions upon a contract, obligation or liability, express or implied, were limited to six years. The only exception applicable to this class of actions is contained in section 100, which is as follows: "If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the times herein respectively limited, after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

By clear and necessary implication this section can only apply to *natural* persons. None others possess the power of locomotion. None others can be *out* of the state at one time and *in* it at another. None others can *depart* from and *reside* out of the state and *return* again to it. In respect to none others can the *time of their absence* be deducted from the time limited for the commencement of the action. The residence of a corporation is necessarily fixed in the state of its creation. It can have no residence elsewhere. (13 *Peters,* 519. *Bank of Augusta* v. *Earle,* 14 *id.* 129. *Runyan* v. *Lessees of Coster,* 2 *How. U. S. R.* 499.) If this section does not apply to corporations, then the general limitation of section 91 applies, without qualification, or restriction, to all actions upon contract, and is available to a foreign as much as to a domestic corporation. The judgment in this case should be affirmed.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, Welles* and *Smith,* Justices.]