## Case No. 1,563.

BLOSSBURG & C. R. CO. v. TIOGA R. CO.

[5 Blatchf. 387.][1]

Circuit Court, N. D. New York. March Term, 1867.

STATUTES — FOLLOWING CONSTRUCTION OF STATE COURT IN FEDERAL COURT—LIMITATION OF ACTIONS — FOREIGN CORPORATIONS — PLEADING—REPLICATION—DEMURRER.

1. By the decision of the court of appeals of New York in the case of Olcott v. Tioga R. Co., 20 N. Y. 210, it is the law of New York, that, in a suit against a corporation, the fact that the defendants were and are a corporation created by another state, and not under any law of New York, is a legal answer to a plea of the statute of limitations. Such decision, as the latest one on the subject by the court of the last resort in the state, is binding on this court as to the construction of the statute of limitations of the state, in an action at common law in this court.

[See Smith v. Shriver, Case No. 13,108; Dike v. Kuhns, Id. 3,907.]

2. The provisions contained in section 100 of the Code of Procedure of New York (Laws 1851, c. 479), as to the time limited for commencing actions, considered, in reference to their applicability to foreign corporations.

3. Under that section of the Code, the most appropriate form of replication to a plea of the statute of limitations pleaded by a foreign corporation, is to allege, in proper technical language, and with the requisite certainty of time and place, the fact that the defendants were out of the state at the time the cause of action accrued, and continued out of the state down to the time of the commencement of the suit.

[See Andreae v. Redfield, Case No. 368.]

4. An allegation, in the replication, that they were out of the state when the cause of action accrued, is, however, a sufficient legal answer to the plea of actio non accrevit infra sex annos.

5. An allegation, in the replication, that they were and are a corporation existing under the laws of another state, and that they were not

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

and are not a corporation existing under any law of New York, is not a sufficient answer to such plea, because it fails to aver that the defendants were a foreign corporation before and at the time the cause of action accrued, and does not allege that they had never been a corporation under the laws of New York.

6. Objections to the replication for not alleging time and place, and for duplicity, can be taken only by special demurrer.

7. On demurrer by the defendants to the plaintiff's surrejoinder, judgment was given for the plaintiff, because the defendants, in their rejoinder, committed the first fault in pleading. [See note at end of case.]

[At law. Action by the Blossburg & Corning Railroad Company against the Tioga Railroad Company.] This case came up on a demurrer to a surrejoinder. The declaration contained a special count upon certain agreements in writing, and also the common counts for money had and received by the defendants to and for the use of the plaintiffs, and for money due and owing from the defendants to the plaintiffs, for the use and occupation, by the defendants, of a railroad with its fixtures and appurtenances. The defendants pleaded, (1) the general issue; (2) payment; and, (3) the statute of limitations. The third plea of the defendants alleged, "that the said several causes of action, and each and every of them, in the said declaration set forth, did not, nor did any of them, nor any part thereof, accrue to the said plaintiffs at any time within six years next before the commencement of this suit, in manner and form as the said plaintiffs have in declaring above alleged." This plea concluded with a verification and a prayer for judgment. To this plea the plaintiffs replied, "that the said defendants were and are a body corporate, created and existing under and by virtue of the laws of the state of Pennsylvania, and that they are not, and were not, a corporation created or existing under or by virtue of any law or laws of the state of New York; and that at the time the said several causes of action, in the plaintiffs' declaration mentioned, accrued to the said plaintiffs, the said defendants were out of the state of New York, and have ever since, until the time of the commencement of this action, remained out of the said state of New York." This replication concluded with the usual verification and prayer for judgment. To this replication the defendants rejoined, "that, when the several causes of action in the declaration mentioned accrued to the said plaintiffs, against the said defendants, they, the said defendants were not out of the state of New York; and that, for six years before the commencement of this suit, and after the said causes of action accrued to the said plaintiffs against the said defendants, they, the said defendants, did not depart from, and reside out of, the state of New York." This rejoinder, also, concluded with the usual verification and prayer for judgment. The plaintiffs answered this rejoinder by a surrejoinder, which alleged, "that when

the said several causes of action in the declaration mentioned accrued to the said plaintiffs against the said defendants, the said defendants were out of the state of New York, and have ever since, until the time of the commencement of this action, remained out of the state of New York." This surrejoinder concluded to the country, and with the usual similiter. To this surrejoinder the defendants demurred, and specially assigned the following causes of demurrer: "1st. The plaintiffs neither avoid nor deny the material allegations of the defendants' rejoinder, but, instead thereof, reaffirm the allegations of their replication, in the words therein contained, to which these defendants have already answered by their said rejoinder. 2d. The plaintiffs, in the said surrejoinder, conclude to the country, upon an allegation which does not take issue upon the material allegations of the defendants' rejoinder. 3d. The issue upon the said surrejoinder is so framed, that a verdict for the defendants would only determine that they, the defendants, have not, ever since the causes of action accrued, until the commencement of the suit, remained out of the state of New York, and that this would not determine the action in their favor, whereas, the material issue is, whether they, the said defendants, for six years between the accruing of the causes of action and the commencement of this suit have been within the state of New York." [Judgment for plaintiffs upon the demurrer.]

HALL, District Judge. The most important question raised by the demurrer in this case, and the one on which the validity of the supposed defence of the statute of limitations must ultimately depend, is, whether this defence can be successfully interposed by a foreign corporation. This question, in substance, was before the former supreme court of this state, in 1845, in the case of Faulkner v. Delaware & R. Canal Co., 1 Denio, 441; and it was then held, that a replication that the defendants were and are a body corporate created under and by virtue of the laws of New Jersey, and that they are not, and were not, a corporation created under or by virtue of any law or laws of the state of New York, was no legal answer to a plea of the statute of limitations, for the reason, expressly stated, that, in the judgment of that court, the provisions of the statute of New York (2 Rev. St. 297, § 27), (which is the same in substance as section 100 of the Code), manifestly applied to natural persons only, and could not be made to embrace corporations. The same question, in substance, was brought before the court of appeals of this state, in 1859, in the case of Olcott v. Tioga R. Co., 20 N. Y. 210. After an argument evincing unsurpassed ability and extraordinary research, it was held, by the whole court, that the case in 1 Denio had been improperly decided. When the

case in 1 Denio was decided, the supreme court was not, like our present court of appeals, the court of last resort within the state; but, as very few cases were then carried to the court for the correction of errors, the decision of the supreme court would, in this court, have been properly considered conclusive evidence of the proper construction of the statutory provisions on which the defence in this case depends, if it had not been overruled by a court of superior authority, or otherwise shaken by the decisions of the state courts. Leffingwell v. Warren, 2 Black [67 U. S.] 599.

These decisions of the state courts being thus in conflict, it was insisted by the defendants' counsel, on the argument of this case, that the decision of the court of appeals, although subsequent in point of time, and made by the court of the last resort within the state, is not of controlling authority in the courts of the United States; and that it is only a series of decisions which attains that force. It was also insisted, that the construction given to a state statute by a state court ought especially to be open to revision, when it is adverse to persons or corporations of other states. The question involved in these propositions will first be considered.

By the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), the law of the state is to be regarded as the rule of decision in this case; and, as a general rule, the latest decision of the court of the last resort within the state, directly upon the question in controversy, is to be regarded by the courts of the United States as conclusive evidence of the law of the state. And this is especially true in respect to the construction of a statute of the state. U. S. v. Morrison, 4 Pet. [29 U. S.] 124; Green v. Neal, 6 Pet. [31 U. S.] 291; Leffingwell v. Warren, 2 Black [67 U. S.] 599. In the last mentioned case, it was said by Mr. Justice Swayne, in delivering the opinion of the court, that "the courts of the United States, in the absence of legislation upon the subject by congress, recognize the statute of limitations of the several states, and give them the same construction and effect which are given by the local tribunals. * * * The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text. * * * If the highest judicial tribunal of the state adopt new views as to the proper construction of such a statute, and reverse its former decisions, this court will follow the latest settled adjudications." The case just referred to is binding upon this court, and, if it be our duty to follow the later of two conflicting decisions of the same court, sitting as the court of last resort within the state, it is certainly our duty to follow a later decision of the court of last resort, rather than an earlier conflicting decision

of a subordinate tribunal. It must, nevertheless, be conceded, that there may be extraordinary and extreme cases, in which the supreme court of the United States, or even this court, would be justified in disregarding the latest decision of the state court of the last resort. This might be done in a case in which the latest decision was in direct conflict with a long series of prior decisions in the same court and in the highest courts of other states, and clearly repugnant to well settled principles of law and justice; or in which it was clear and beyond all question, that the law of the state had been innocently mistaken, or willfully and corruptly perverted. But these are exceptional cases, like that of Gelpcke v. City of Dubuque, 1 Wall. [68 U. S.] 175, in which the supreme court of the United States declared that it would "never immolate truth, justice and the law, because a state tribunal had erected the altar and decreed the sacrifice." Under the 34th section of the judiciary act, and the well established doctrines of the supreme court of the United States, as declared in the cases above referred to, the case of Olcott v. Tioga R. Co., must be considered as establishing the true construction of the statutory provisions upon which the question under discussion depends. The decision was made, without dissent, by the whole bench of the court of appeals, after a most able and exhaustive argument, and after ample time for deliberation. A very elaborate opinion was delivered by one of the ablest judges of that court, and it has been before the profession and the public for more than seven years, during which many provisions of the Code have been frequently modified by the legislature, without the adoption or declaration, by the legislature or the court of appeals, of any rules of limitation, in respect to foreign corporations, different from those thus established by the court of appeals in Olcott v. Tioga R. Co. It is not only the settled law of the state, as declared by its highest court, but it commends itself to our judgment, as declaring the correct construction of the statute under consideration.

The Code, after the general provision requiring an action like the present to be brought within six years after the cause of action shall have accrued, makes certain exceptions, by the following provisions: "Sec. 100. If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the times herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." It is clear that the last clause of this section can furnish no rule of decision in a case like the present, for the reason that a corporation, by the very law

of its being, is necessarily confined to the jurisdiction of the state by which it is created, and can neither depart from, nor return to, another state. As was said by Mr. Justice Thompson, in Runyan v. Coster, 14 Pet. [39 U. S.] 122, 129: "A corporation can have no legal existence out of the sovereignty by which it is created, as it exists only in contemplation of law, and by force of the law; and, when that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But, although it must live and have its being in that state only, yet it does not follow that its existence there will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another." It is also clear, that the first clause of the section was intended to prolong, as well as to limit, the time within which a suit must be brought against a party not within the state when the cause of action accrued; and that this clause has reference to the time within which the action must be brought, and was not intended to debar the right to bring an action, or to resort to an attachment, while the debtor was out of the state, any more than the section which prolongs the time within which infants, insane persons, and persons imprisoned on a criminal charge may bring their actions, was intended to prevent infants, or parties imprisoned, from bringing an action before their disabilities have been removed. In the case of Olcott v. Tioga R. Co., Judge Denio cites numerous cases which fully justify the conclusions reached in that case, and an extended discussion of the question in this court would be a work of mere supererogation.

It must necessarily follow, from the conclusions already stated, that the fact that, at the times the plaintiffs' causes of action accrued, the defendants were without this state, and have never since been within it, must be, (if properly pleaded,) a conclusive answer to the defence of the statute of limitations, although such original and continued absence results from the fact that such defendants are a corporation created by and existing under the laws of Pennsylvania, and are not, and never were, a corporation existing under the laws of the state of New York.

The principal question in the case being thus disposed of, it becomes necessary to consider several questions depending upon the frame of the replication and subsequent pleadings, which were not discussed upon the argument in this case, or by the judges who delivered opinions in the two cases which we have been considering. In the case of Olcott v. Tioga R. Co., no question was raised upon the pleadings; and, although the case in 1 Denio arose upon demurrer, the conclusion reached by the court, upon the main question, rendered any discussion upon the language of the replication entirely unnecessary.

The first of the questions referred to relates to what may properly be termed the substantial form of the replication. It would seem, from the reporter's statement of the case in 1 Denio, that the replication in that case simply averred, that the defendants were and are a corporation, created under and by virtue of the laws of the state of New Jersey, and that they are not, and were not, a corporation created under, or by virtue of, the laws of the state of New York, (which is, in substance, the same as the first allegation in the replication in this case;) but, as it does not appear that any objection to the form of the replication was discussed by counsel, or considered by the court, it is quite probable that this statement is not in the exact language of the replication. Indeed, it is scarcely possible that a replication in the precise language given by the reporter, would, on demurrer and full argument, have been held good in the supreme court, for it fails to aver that the defendants were a foreign corporation before and at the time the cause of action accrued, nor does it allege that they had never been a corporation under the laws of the state of New York. However this may be, I am strongly inclined to the opinion, that the most appropriate, if not the only proper form of the replication, is, to allege, in proper technical language, and with the requisite certainty of time and place, the fact that the defendants were out of the state at the several times when the causes of action accrued, and had continued out of the state down to the time of the commencement of the suit. Although the fact of such absence from the state is, in law, the necessary consequence of another fact—that of the defendants' being a foreign corporation, having no existence under the laws of this state —it is, nevertheless, a fact, and the particular and precise fact on which the legal rights of the parties depend. It should therefore, be expressly and directly alleged in the pleading, instead of being left to legal inference. But the fact that the defendants were and are a foreign corporation may, perhaps, be properly stated as matter of inducement, introductory to the main and essential averments of the replication. I see no objection to this form of pleading, although I do not deem it absolutely necessary to the technical sufficiency of the replication in this case, to allege the continued absence of the defendants. That they were out of the state when the cause of action accrued, shows that the six years' limitation cannot be computed from the time the cause of action accrued. This allegation is, therefore, a sufficient legal answer to the plea of actio non accrevit infra sex annos, and requires the defendants to take issue on the particular fact alleged, or else to avoid, by rejoinder, its legal effect. Whether a rejoinder that the defendants,

after the cause of action accrued, returned to the state and had, from thence, remained within it, &c., for more than six full years before the commencement of the suit, would not necessarily be a departure from the plea of actio non accrevit infra sex annos, and, therefore, bad, on general demurrer, it is not necessary now to decide; but it would seem that, under such circumstances of absence, return and continued residence, the plea itself should allege the actual facts of the case, in order to show the precise character of the limitation or defence set up, and to enable the plaintiffs to tender a direct issue upon the facts averred. However this may be, it is, I think, proper for the plaintiffs to reply to the plea actio non accrevit, &c., that the defendants were out of the state when the cause of action accrued, and continued absent therefrom down to the time of the commencement of the suit. 3 Chitty, Pl. p. 1162; Plummer v. Woodburne, 4 Barn. & C. 625. The continued absence is not inconsistent with, but rather in affirmance and support of, the matter previously alleged; and, in case the defendants, though absent at the time the cause of action accrued, had in fact returned and remained within the state for more than six years before suit brought, these facts might be alleged by the rejoinder, if that would have been a proper form of rejoinder, (or, in other words, would not have been a departure from the plea,) in case only the absence of the defendants from the state at the time the cause of action accrued had been averred in the replication. But I am inclined to the opinion that such a rejoinder would be a departure in either case.

Considering, then, that the first allegation of the plaintiffs' replication is not, for the reasons above stated, a sufficient answer to the defendants' plea, and may properly be deemed matter of inducement only, or even be rejected as surplusage, the question whether the remaining allegations of the replication are a sufficient answer to the plea, must now be examined. These allegations are. in substance, that, at the time the several causes of action accrued, the defendants were out of the state of New York, and have ever since, until the commencement of the suit, remained out of the state. If these allegations are true, and if I am right in the conclusions before stated, the statute of limitations is no bar to the plaintiffs' action, and the replication is sufficient in substance. Perhaps, time and place should have been given in the allegation of such original absence, but this omission, being matter of mere form, cannot be taken advantage of except by special demurrer.

The only remaining objection which now occurs to me, as one which might, perhaps, have been taken to the replication, is that of duplicity; but this objection, if well founded. cannot now be made available, as such an objection, like the one just noticed, can be successfully urged only when taken by special demurrer. But the replication does not contain two sufficient answers to the plea. It does not allege the absence of the defendants from the state when the cause of action accrued, and, also, a subsequent departure and continuance abroad; for, the continuance abroad is indissolubly connected with, and dependent upon, the original absence alleged. The insufficiency of the first allegation of the replication, considered as a distinct and independent answer to the plea, has already been determined.

My conclusion in regard to the sufficiency of the replication necessarily rests upon the prior conclusion, that the defendants' position in regard to the proper construction of the statute of limitations is untenable, and that I must follow the construction of the court of appeals; but, upon this question of pleading, it may be useful to consider what course or courses the defendants, at this stage of the proceedings, were at liberty to pursue, for the purpose of bringing the case to a proper conclusion. If the position of the defendants' counsel had been tenable, and the statute limitation of six years, as pleaded, was applicable to the case, (notwithstanding the defendants, as a foreign corporation, had never been, and were incapable of being, within the state,) the defendants could have demurred, and would have been entitled to judgment on the demurrer. If, on the other hand, the defendants had, in fact, or in law, been within the state at the times the causes of action accrued, and ever since, the defendants might have taken issue upon the denial of those facts, as contained in the replication, and have concluded to the country. The defendants did not demur, but rejoined, that the defendants were not out of the state when the suit was commenced, thus taking issue upon the most important and essential allegation of the replication. The prior allegation, that the defendants were and are a foreign corporation, and the subsequent allegation of their continued absence from the state, were left undenied, while a new issue was tendered, by the additional allegation, "that, for six years before the commencement of this suit, and after the said causes of action accrued to the said plaintiffs, against the said defendants, the defendants did not depart from and reside out of the state of New York," which allegation was then, for the first time, introduced into the pleadings. This new allegation, thus introduced into the rejoinder, standing alone, can furnish no answer to the replication. Indeed, in the case of a natural person, these allegations of the rejoinder might be true, if the defendant was within the state when the cause of action accrued, although he left the state within six months after, and then resided continually abroad, for seven years next before suit brought; and it would not be contended that, in such a case, the statute of limitations would be a defense.

But, if this new allegation, standing alone, could be considered a sufficient answer to the replication, it would clearly be a departure from the plea, and, therefore, bad on general demurrer; and, if this allegation be rejected as surplusage, the rejoinder is bad, on general demurrer, because, after taking issue upon the main and essential allegation of the replication, it concludes with a verification, instead of concluding to the country.

The plaintiffs, at this stage of the case, might have interposed a general demurrer and had judgment, for, the common counts of the declaration are clearly good, (the special count has not been examined;) and, as the defendants have committed the first substantial fault in pleading, the plaintiffs are now entitled to judgment upon the defendants' demurrer.

This conclusion renders it unnecessary to consider the form or substance of the surrejoinder, which was a mere reiteration of the allegations of the replication; but, as the new allegations of the rejoinder were no answer to the replication, and as the rejoinder concluded with a verification, I see no objection to the course pursued by the plaintiffs. If the rejoinder had concluded to the country, the plaintiffs might at once have gone to trial upon the issue already joined, and they had a right to reiterate the allegations of the replication and conclude to the country, in order to go to trial upon the issues of fact, without the delay to be occasioned by a demurrer. Even if I am wrong in this, no objection to the course taken can be made available on this demurrer, as the first fault in pleading, in matter of substance, is clearly on the part of the defendants.

As these questions of special pleadings involve only the costs upon the demurrer, I have not thought it necessary to enter upon any critical examination of authorities, or to review my early studies of elementary books. If we may judge from the experience of the last forty years, the practice of special pleading will, at no distant day, under the progress of modern innovation, be classed among "the lost arts;" and, under the present pressure of the business in our courts, a judge may be excused, if he prefers to dispose of a mere question of costs almost wholly upon his recollection of the rules of special pleading, without searching for authorities, or undertaking the labor of a critical examination of the cases, especially when none were cited by the counsel upon the argument.

The plaintiffs are entitled to judgment upon the demurrer, with leave to the defendants to amend their plea or rejoinder within twenty days, on payment of costs.

[NOTE. Upon the subsequent trial of this case there was judgment for plaintiffs, and upon writ of error the judgment was affirmed by the supreme court in Tioga R. Co. v. Blossburg & C. R. Co. 20 Wall. (87 U. S.) 137.]