### W. A. HAGOOD v. HUGH DIAL.

1. PLEA IN ABATEMENT—PRACTICE.—A plea in abatement is not waived by the filing of other defenses cotemporaneously with the plea in which the right to insist upon it is not formally reserved.
2. SAME.—Such plea is good if it meet the grounds of jurisdiction stated in the petition.

APPEAL from Anderson.   Tried below before the Hon. M. H. Bonner.

*Reagan, Greenwood & Gooch,* for appellant, cited Cook *v.* Southwick, 9 Tex., 620; Taylor *v.* Hall, 20 Tex., 215; Drake *v.* Brander, 8 Tex., 351; Tinnin *v.* Weatherford, Dallam, 590; 25 Tex. Supp., 67, Compton *v.* Western Stage Co.

*E. W. Bush,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Hagood brought this suit in the District Court of Anderson county to recover an alleged debt, stating in his petition that Dial was a resident of that county.   Dial answered under oath, alleging that before and at the commencement of the suit he resided and had his domicile in the county of Parker, and not in the county of Anderson.   This plea is marked filed November 27, 1874, and immediately after it in the record are two other papers also marked filed November 27, 1874, and signed by counsel for defendant; the first being exceptions general and special to the petition, followed by a general denial; the second being a motion to dissolve an attachment which had been sued out, and a motion to abate the suit for want of jurisdiction as shown by plea in abatement.   Each of these papers commenced with: "And now comes the defendant," and contained no formal reservation of defendant's right to be heard on his plea in abatement.   On November 28th the plaintiff filed exceptions to the plea in abatement on the ground that it was not filed in due order of pleading; that it did not show in what court it was filed, and that it did not show that grounds did not exist authorizing suit in Anderson county, although, or if, defendant did not reside therein.   The plaintiff then proceeds in the same paper, apparently without leave of court, and, without styling it as an amendment, to state, amongst other things, that defendant, if he did not reside in Anderson county, was a transient person, and that his last-known

residence was in said county. At the ensuing April term of court defendant, also apparently without leave, pleaded under oath, "in abatement to the amended petition," denying that he was a transient person, reiterating that he resided in Parker county, and further saying that he did not bind or obligate himself to pay plaintiff any part of his demand in Anderson county. At the same time he again filed exceptions to the petition as amended, and answered to the merits. At a subsequent day of the same term the plaintiff excepted to this last plea because of the previous appearance of defendant by his attorneys by motions and answers to the merits. It appears by bill of exceptions that the court overruled the exceptions to the pleas in abatement. The issue on the pleas in abatement were submitted to a jury, and having been found in favor of defendant, judgment was accordingly rendered in his favor abating the suit. From this judgment the plaintiff has appealed, and as there is no statement of facts the only question presented is as to the correctness of the ruling on the exceptions to the pleas in abatement.

Whilst the privilege of being sued only in the county of his residence, which our statute, with specified exceptions, gives a defendant, is waived if not asserted before answering to the merits, we think it is not waived where (as in this case it is fair to conclude) the plea asserting it was filed cotemporaneously with other defenses. It was held very early by this court that the common-law rules of pleading were inapplicable under our system to this plea. (Richardson and Wife *v.* Pruitt, 3 Tex., 228.) It is evident that the defendant did not intend by his exceptions and pleas to the merits to waive his privilege which he had already asserted; and, we think, that as to this point the court ruled correctly.

Nor can we assent to the proposition that the first plea was defective because it did not show that defendant did not contract to perform the obligation sued on in Anderson

county.   It is sufficient to negative the jurisdiction under the case as stated by plaintiff in his petition.

If the plaintiff by amendment could change the grounds on which he claimed jurisdiction in the court the right of defendant to amend his plea so as to meet this new phase of the case would necessarily follow.

There being no error in the proceedings of the court below, the judgment is affirmed.

AFFIRMED.