## SUPREME COURT.

### John F. Arthurton agt. Henry Dalley.

An order of *arrest* cannot be vacated on the ground that an action has been heretofore instituted in a *foreign tribunal*, (Canada,) against the defendant for the same cause, in which the plaintiff had the command of all the remedies by arrest or otherwise, it not appearing that any arrest was ever made there.

Where it appeared that the money received by the defendant for the purpose of investing in the purchase of lands in Canada, was received as the agent or trustee of the plaintiff, in a fiduciary capacity, and a breach of duty by the defendant was shown by a *decree or judgment* against him in a *court in Canada, held* sufficient to sustain an order of arrest here for the same cause.

The defendant cannot avail himself of the *statute of limitations* in moving to vacate an order of arrest, where he has not set it up in his answer.

Where a *judgment or decree* of a foreign tribunal, (Canada,) shows that it was for funds embezzled or misapplied by the defendant acting in a fiduciary capacity, the plaintiff may rely upon the *original cause of action,* in bringing his action here, and causing the defendant's *arrest*. The plaintiff is not *concluded by the decree* from charging the defendant with embezzlement or breach of trust, although he might be as to the *amount* of the moneys embezzled or misapplied.

*It seems,* that in such a case, if the plaintiff was estopped by the record from going behind it to the cause of action upon which it was founded, he would not be precluded from availing himself of the provisional remedy in an action *upon such record.*

*New York Special Term, December,* 1860.

Motion by defendant to vacate an order of arrest granted by Justice Davies in this action, on the 13th day of Sep-

tember, 1858. The motion is made upon the affidavits and papers on which the order was granted. The order was founded upon an affidavit of Charles William Cooper, a solicitor and agent of the plaintiff in Canada, containing in substance the following allegations : that in 1835, the plaintiff applied to the defendant to become his agent in the purchase of lands in Canada, and supplied him with funds for that purpose, a portion, of. which the defendant laid out in the purchase of lands in the township of Malahide, and in the pretended purchase of certain village lots in Davenport; that he took the conveyance for the Malahide lands in his own name, and the village lots belonged to the defendant himself, which he fraudulently pretended to sell to his principal; that the amount laid out in the Malahide lands was only a small part of the amount received from the plaintiff; that the plaintiff frequently applied to the defendant for an account, which the defendant failed to give, and fraudulently pretended that he had sold to the plaintiff the property in question, for $4,000, and that only a trifling balance was due to the plaintiff; that in 1848, the plaintiff filed his bill in the court of chancery of' Upper Canada, praying for an account and for a conveyance of the Malahide lands to the plaintiff, and an account of the rents and profits thereof, and for a decree that the sale of the village lots might be declared fraudulent; that the defendant appeared and answered the bill, and about the 1st of November, 1850, a decree was made that the defendant purchased the Malahide lands as the agent of the plaintiff, and for the sum of £600, and that plaintiff was entitled to a conveyance thereof, and that the sale of the Davenport lots was a fraud upon the plaintiff and void, and that the plaintiff was entitled to the amounts charged therefor, with interest; that it be referred to a master to take an account of the moneys received by the defendant and of the rents and profits of the Malahide land, and also of the moneys paid by the defendant for the plaintiff, and that the defend-

ant should pay to the plaintiff the balance reported due by the master, with the costs of the action; that on the 21st day of January, 1856, the master made his report, in which the balance found due to the plaintiff was £1,587. 11s. 1d; that the costs were taxed at £124. 7s. 8d., and the total was £1,711. 18s. 9d; that no part of the same has been paid, but that the whole, with interest, is still due; that no appeal was made from the report, but the same was confirmed and became final, and conclusive between the parties *as to the amount found, and the terms and directions therein contained,* according to the rules and practice of said court, and form a complete and final order and judgment without enrolment or further proceedings. The decree and master's report were annexed to the affidavit, and upon these papers, Justice DAVIES held the defendant to bail in the sum of eight thousand dollars. The defendant having been apprised of the order, put in bail at his own request without any actual arrest. The defendant subsequently appeared in the action. The plaintiff served a complaint, setting forth the facts substantially as detailed in the affidavit for arrest, and prayed judgment for the same sum reported due by the master, with interest and costs. The defendant put in an answer, but did not interpose the statute of limitations, and the cause is at issue and has been repeatedly on the circuit calendar for trial.

S. P. NASH, *for defendant.*
C. W. PRENTISS, *for plaintiff.*

HOGEBOOM, Justice. The defendant suggests four objections to the order of arrest. 1. That a suit has been heretofore instituted in a foreign tribunal, in which the plaintiff had the command of all proper remedies by arrest or otherwise; and that it would be inequitable to allow them to be repeated in this action. 2. That the facts alleged do not make out a cause of arrest under section 179 of the Code.

3. That the cause of action is barred by the statute of limitations.   4. That the original cause of action has been merged in the judgment in the Canada court; that the cause of action is substantially upon such judgment or drcree, which is simply for the debt due, and does not justify an arrest.

1. It does not appear that the defendant was ever arrested in Canada, in the proceedings instituted there, or even that an order of arrest would have been proper in a case like the present, according to their practice.   There is nothing, therefore, to show that anything oppressive has been attempted against the defendant, in the shape of a repetition of this severe remedy against the person.   In the absence of any such evidence, I do not think effect ought to be given to this objection.   (*Hernandez* agt. *Carnobelli*, 10 *How.*, 433 ; 1 *Tidd's Prac.*, 184, 185, 186.)

2. Assuming that the original transaction is still open to the plaintiff, for the enforcement of a proper provisional remedy, I am of opinion that the facts stated in the affidavit, showed a proper ground for arrest under section 179, of the Code.   The money received by the defendant, for the purpose of investing in the purchase of lands, was received as the agent or trustee of the plaintiff in a fiduciary capacity, and a breach of duty is sufficiently shown. (*Ridder* agt. *Whitlock*, 12 *How.*, 208 ; *Frost* agt. *McCarger*, 14 *How.*, 131; *Scudder* agt. *Shiells*, 17 *How.*, 420 ; *King* agt. *Kirby*, 28 *Barb.*, 49.)   It is suggested by the plaintiff that the party is also liable to arrest under subdivision 4, of section 179, as being guilty of a fraud in contracting the debt or incurring the obligation for which the action was brought.   But I do not discover any allegations in the affidavit tending to show that the defendant conceived the intention to defraud before the receipt of the trust moneys from the plaintiff.

3. As the defendant could only avail himself of the statute of limitations by answer, and has not done so, and·

as the officer granting the order of arrest, could not antic-
ipate that the defendant would interpose that defence, even
if the facts of the case authorized such a defence, I do
not think the objection for that cause now available to the
defendant.

4. The more important question is, whether the original
cause of action has been merged in the Canada decree. By
the date of the papers it seems that the complaint was not
served until after the order of arrest was obtained, and
therefore, it could not decisively appear whether the plain-
tiff intended to rely for a recovery in the action upon the
original facts or upon the decree itself, as constituting the
cause of action. I have already said that if he had a right
to resort to the former, they would justify the order of
arrest. The question therefore is, whether the Canada
decree necessarily precluded a resort to the original cause
of action, for it is sufficiently clear upon the affidavit, and
upon the complaint subsequently put in, which is substan-
tially like it; that the plaintiff designed to prosecute upon
the original transaction, and to use the decree mainly by
way of fixing with certainty the *amount* of moneys for which
the defendant ought to be held liable. And I think he had
a right to rely upon the original cause of action. He was,
not that I can discover, concluded by the decree from
charging the defendant with embezzlement or breach of
trust, although he might be as to the *amount* of moneys
embezzled or misapplied. Indeed, the decree itself fur-
nished strong evidence of such embezzlement or misappli-
cation. (*Livsey* agt. *Landers*, 12 *How.*, 25 ; *Peel* agt. *Elli-
ott*, 16 *How.*, 481 ; *S. C.*, 28 *Barb.*, 200 ; *Wanzer* agt. *De
Baun*, 1 *E. D. Smith*, 261.)

Moreover the foreign judgment, is not conclusive between
the parties. (*Lyman* agt. *Brown*, 2 *Curtis C. C. R.*, 559 ;
*Smith* agt. *Williams*, 2 *Caine's Cases*, 110.) It must be
sued in an action of assumpsit, (*Radcliff* agt. *United Insur-
ance Co.*, 9 *John.*, 277,) and at least when sued on by the

plaintiff, is open to all equitable defences, which the opposite party may interpose. Not being an absolute estoppel upon the defendant, it cannot be so upon the plaintiff, for estoppels must be mutual. Hence there is nothing in the character of the judgment which prevents the party from going back to the original cause of action. It is held, that as to foreign judgments, the party has his election either to sue upon the judgment or upon the original cause of action. (*Story's Conflict of Laws*, §§ 598, 599, 9 *a.* 9 *b.*; *Smith* agt. *Nichols*, 5 *Bing. N. Cas.*, 208 ; *see further*, *Story's Conf. Laws*, §§ 556 *to* 558, 571, 572.)

But suppose the plaintiff to be estopped by the record from going behind it to the cause of action, upon which it was founded. The record itself shows that the judgment is for funds embezzled or misapplied by a party acting in a fiduciary capacity. When this fact is patent upon the record, is the plaintiff concluded from availing himself of the provisional remedy in an action upon such record ? Were this a domestic record, and we are now treating it, as if it had the conclusive character of a domestic record, it is plain that the plaintiff by virtue of the facts appearing in it, would be entitled to take the body of the plaintiff in execution. If he sued upon it, would he have any the less right, so long as he had never in fact exercised the right of enforcing this provisional remedy ? It would seem to be equitable that he should have this right, unless he has done some act by which he has not merely put his evidence of indebtedness or liability in a different shape, but has done something evincing his intent to waive such remedy, or from which the law irresistibly draws the inference of such intent. In this case, I think he has done no such thing, and therefore, has not forfeited his right to enforce this provisional remedy.

It has been urged on the part of the plaintiff, that the voluntary consent on the part of the defendant to give bail without an actual arrest, is an acquiescence in the validity

of the order and a submission to it as legal and authorized by the facts of the case, (*Stewart* agt. *Howard*, 15 *Barb.*, 26; *Dale* agt. *Radcliff*, 15 *How.*, 71,) and, also, that the lapse of time which has been allowed to take place since the order of arrest was made without an attempt to vacate or question it, is a practical acquiesence in its propriety or a degree of laches which should preclude the defendant from moving to set it aside. But I have preferred to put the decision upon other grounds, without considering these questions.

The motion must be denied with $10 costs.