## SHIPMAN *a.* SHAFER.

*Supreme Court, First District; General Term, May,* 1862.

ARREST.—FIDUCIARY CAPACITY.—RECEIVING DEBTOR'S NOTE.

Irregularities not referred to in the papers upon which a motion is made at special term, are not available on appeal from the order made thereon.

The fact that a creditor has accepted the promissory note of his debtor for money received in a fiduciary capacity, is no bar, after the dishonor of the note, to an arrest in an action on the original indebtedness, the plaintiff being ready to return the note.*

---

\* In the case of MALLORY *a.* LEACH (*Supreme Court, Fourth District; Special Term, June,* 1862), it was held that the recovery of a judgment in an action for fraud merges and extinguishes the original ground of action. And this rule applies as well to a foreign as to a domestic judgment; and an action upon such judgment is an action upon contract, and not for fraud, so that in such action the defendant cannot be arrested under subd. 1 of section 179 of the Code.

The case came before the court on a motion to vacate an order of arrest.

The action was on a judgment which plaintiff had recovered in another State in an action of tort for fraud.

BOCKES, J.—On the 3d of February, 1862, the plaintiff recovered a judgment against the defendant in the State of Vermont, in an action on the case for fraud, for $1,134.29 for damages and costs. Thereupon he commenced an action in this State, on the judgment, and obtained an order of arrest against the defendant, under which he was held to bail. The affidavit on which the order was granted states the recovery of the judgment in Vermont, for fraud, and that the defendant is a non-resident of this State. It is further stated, that "the cause of action now existing in favor of said plaintiff against said Leach, does not arise upon contract, but upon the judgment so obtained in Vermont as aforesaid, and the facts adjudicated by said judgment." A motion is now made to vacate the order of arrest.

It is insisted that the order is not authorized by section 179 of the Code of Procedure. This section contains five subdivisions, stating in what cases and under what circumstances the defendant may be arrested; but it is unnecessary to notice the second, third, and fifth, for the reason that the order is admittedly unsupported, unless authorized either by the first or fourth subdivision of that section.

The first subdivision provides for an arrest of the defendant in an action for the recovery of damages on a cause of action not arising out of contract, where the defendant is not a resident of the State, &c. It is shown here that the defendant is not a resident of the State; and the question under this subdivision is, whether this action on the judgment is to be deemed "an action for the recovery of damages on a cause of action not arising out of contract."

The action is on the judgment. The affidavit, it is true, states in terms that

Shipman *a.* Shafer.

Where a debtor who had received money in a fiduciary capacity, gave the creditor his check for it, which was protested for non-payment ;—*Held,* that it was no objection to an order of arrest against the debtor in an action to recover the money, that the complaint demanded the costs of protest in addition to the amount of the check, the costs of protest not being claimed as a separate cause of action.

the cause of action does not arise upon contract, but it adds, that the action is "upon the judgment so obtained in Vermont as aforesaid, and the facts adjudicated by said judgment." Thus the affidavit shows that this action is an action on judgment, and the case must be so treated. Indeed, it must be on judgment, or no cause of action is shown, inasmuch as it could not be maintained on the original ground of action. That is merged in and extinguished by the judgment. (17 *Barb.,* 644; 21 *Wend.,* 341; 4 *N. Y.,* 519; 18 *Id.,* 70; 1 *Hill,* 482.) The terms employed in these cases are "merged" and "extinguished." If a judgment be recovered on a note, no action can afterwards be maintained on it, so long as the judgment remains unreversed and in full force and effect. So of any other cause or ground of action inferior in degree to the judgment. (3 *Duer,* 249; 5 *Hill,* 82.) And it was held in Besley *a.* Palmer (1 *Hill,* 482), that the judgment of a court of a neighboring State is no less effectual in extinguishing the demand on which it was rendered, than the judgment of a court strictly domestic.

If, therefore, the fraud, which was the original cause of action, is merged in the judgment and is extinguished by it, then we must look to the judgment as the cause or ground of the present action. It is, therefore, the judgment which is the cause of action. The party must count on the judgment—on the adjudication of the court. He cannot count on the fraud. It is the adjudication which gives him his right of action, and he recovers on due proof of the judgment. But a judgment is an express contract of record. Blackstone says it is a contract of the highest nature. (2 *Bl. Com.,* 465; *Story on Cont.,* § 2.) So an action on judgment is an action arising on contract. (2 *Sandf.,* 402.) This rests on the principle that the law implies a promise by every one to ratify whatever the law of the land orders or directs him to pay. (3 *Cai.,* 22, 29, 32.)

The plaintiff's attorney very properly treated it as an action on contract, and framed his summons accordingly, by demanding judgment for a specific sum, rather than for relief as in an action for a tort. The old form of action on judgment was in debt, and while the form is abolished the substance remains. In such case the action is to recover a debt—a sum determinate and due. (2 *Hill,* 220.) Thus we find that the action is on contract; and by subd. 1 of section 179, a defendant cannot be arrested except in an action for the recovery of damages on a cause of action not arising out of contract.

Inasmuch as this is a question of personal right, as distinguished from the rights of property, the law must have a strict construction. In order to an arrest under subd. 1, the action must be in tort, as distinguished from an action on contract. This is the plain meaning of the language employed. The action must be for the recovery of damages,—a term inappropriate when applied to the principal recovery in an action of debt; but usual and appropriate when applied to actions in tort.

I am aware that it has been said in some cases, that a judgment was not an agreement between the parties (1 *Cow.,* 316; 16 *Wend.,* 441), still, in law an action on judgment has always been deemed an action on contract in the classification of actions, and those remedies and proceedings adopted which were incident to

Shipman *a.* Shafer.

Appeal from an order denying a motion to vacate an order of arrest.

This action was brought by William M. Shipman against Thomas H. and Isaac C. Shafer, and Charles Underhill, to re-

that class. And if in law even, the action is on contract, an order of arrest therein is unauthorized under subd. 1 ; for the right to the order, under this subdivision, is made to depend on the nature of the action.

I am referred to Arthurton *a.* Dalley (20 *How. Pr.*, 811), as an authority showing that in an action on judgment a party may go behind the record to the cause of action upon which it was founded, for the purpose of obtaining and upholding an order of arrest. This ruling was quite unnecessary to the case, as it was there held that the suit was based on the original transaction ; that the party was not concluded by the judgment, inasmuch as it was a foreign judgment, but had a right to count, and did count, on the original cause of action. Judge Hogeboom says in effect, that it is clear that the plaintiff designed to prosecute upon the original transaction. He adds : " Moreover the foreign judgment is not conclusive between the parties. It must be sued in an action of assumpsit, and at least when sued on by the plaintiff, is open to all equitable defences which the opposite party may interpose. Not being an absolute estoppel upon the defendant, it cannot be so upon the plaintiff ; for estoppels must be mutual. Hence there is nothing in the character of the judgment which prevents the party from going back to the original cause of action. It is held, that, as to the foreign judgments, the party has his election either to sue upon the judgment or upon the original cause of action." What the learned judge saw fit further to say on this point was unnecessary to the decision of the case, and wholly *obiter*. It is, too, in direct conflict with the decision in Goodrich *a.* Dunbar (17 *Barb.*, 644), where the question was directly up, and very carefully considered by the court at general term. It was there held, in accordance with my conclusions above expressed, that the judgment, counted on being a judgment of a sister State, not a foreign judgment, merged and extinguished the original cause of action, and thereafter an action could only be sustained on the judgment. Judge Mitchell likened it to an acceptance of a higher security, which would merge the inferior, unless taken as collateral. Hence he held that the action was debt on judgment; that the judgment was the cause of action ; and therefore that the ground of action could not be deemed to be for money received in a fiduciary capacity, which, being the original cause of action, was merged in and extinguished by the judgment. It followed, consequently, that the defendant was not liable to arrest in the action on the judgment.

Were the facts in Arthurton *a.* Dalley the same as in Goodrich *a.* Dunbar, I should be compelled to express my judgment in accordance with the decision in the latter case. The reasoning of Judge Mitchell is, to my mind, conclusive, and his argument is fully supported by authority. No allusion is made to this case by the learned judge who wrote the opinion in Arthurton *a.* Dalley, and I think the part of the opinion, which I regard as *obiter*, was written without that careful consideration which usually characterizes the decisions of that able and critical jurist. I think he did not give due force to the fact that the right to arrest under subd. 1 is made to depend on the nature of the action in which a recovery is

Shipman a. Shafer.

cover $57.57, as the net proceeds of certain butter and pork sold by the defendants, on commission for the plaintiff. The defendants, after receiving the proceeds, sent the plaintiff their check, post-dated, for $51.32, the amount then due. The check was

claimed, rather than on facts and circumstances raising a pre-existing duty or obligation. It seems settled on principle and authority, that a judgment recovered in an action on the case for fraud, merges and extinguishes the original ground of action, and that an action on such judgment is an action on contract. This being so, it is very clear that the defendant cannot be arrested under subd. 1 of section 179, which, like subdivisions 2 and 3, puts the rights to arrest on the nature or kind of action; that is, in order to authorize an arrest under subdivision 1, the action must be for the recovery of damages on a cause of action not arising out of contract. But a suit on judgment is to recover a debt, a fixed and determinate sum, and the cause of action is the judgment, which is a contract of the highest nature; hence it arises out of contract. My conclusion is, that the defendant is not liable to arrest under subd. 1 of section 179.

Secondly.—On the facts stated, is the order of arrest authorized by subd. 4 of § 179? This subdivision authorizes an arrest "when the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought, &c." We have seen that the judgment is the debt or obligation for which the action is brought. It was said in Merchants' Bank a. Dwight (13 *How. Pr.*, 366, 370) that where a defendant is sued, in an action on contract to recover a debt, or a sum which he has obligated himself to pay, the Code does not authorize an arrest, because the defendant was guilty of a fraud, in incurring a prior and different obligation to pay the same money. The same view was suggested by Judge Mitchell, in Goodrich a. Dunbar (17 *Barb.*, 644). He says: "If the plaintiffs had accepted a bond alone, or a bond and mortgage, for their debt, they could not have sued for the original cause of action, nor held the defendant to bail." The decision in Alliance Ins. Co. a. Cleveland (14 *How. Pr.*, 408), is to the same effect. In that case, the defendant was liable to arrest for money received in a fiduciary capacity. For such money, the plaintiff took his check and acceptance. The court held that this had the effect to change the character of the plaintiff's claim. Judge Harris remarked, that the tortious character of the transaction was merged in the new contract between the parties, and that the defendant ceased to be liable to imprisonment.

It is suggested that in the cases above cited, the change of the claim from tort to contract was voluntary, and that the recovery of judgment would not, for that reason, produce the same consequences. But it was held, in Goodrich a. Dunbar (17 *Barb.*, 644; see on page 647), that the obtaining of a judgment on the original cause of action was as much a voluntary act, as regards the plaintiff, as the acceptance of a bond or note, and consequently was equivalent, in its legal effect, upon the right to arrest, to the taking and accepting a contract security therefor. If this be so, the defendant cannot be arrested under subd. 4; for in this view, there was no fraud in contracting the debt or incurring the obligation for which the action is brought. The authorities cited seem very conclusive on this point, and are firmly based on principle.

But it is insisted, that even if this were an action on the case for fraud, then that it would not fall within the purview of subd. 4; that such subdivision does

protested at maturity, and, subsequently, plaintiff took defendants' note at three months, for $57.57, for the amount of the check, and eighty-one cents expense of protest, with interest. This note was dishonored at maturity, and the plaintiff brought

not contemplate a case in which fraud constitutes the gist of the action. On the authorities, I must so hold. The case of Crandall *a.* Bryan (15 *How. Pr.*, 48), is the other way ; but that is overruled by McGovern *a.* Payn (32 *Barb.*, 83), which is a general-term decision. To the same effect is the decision in Smith *a.* Corbiere (3 *Bosw.*, 634). Subd. 4 is very nearly a literal transcript from the Non-imprisonment Act of 1831 (subd. 4 of act of 1831). It was originally drawn with a view to its application to actions on contract only, and was evidently introduced into the Code with the same design.

It was remarked on argument, that this construction and application of subd. 4 would raise a discrimination in favor of actions for fraud, over many others of infinitely less culpability, in which arrests were permitted. This suggestion struck me as one of much force ; still, it must not be allowed to prevail against the obvious spirit and clear purport of the statute. Exemption from imprisonment is now the rule, and cases in which arrests are permitted are exceptional. It will be found, on examination, that the other subdivisions of § 179 (other than subd. 4) were intended to cover all actions not arising out of contract, in which it was deemed proper to permit the arrest of parties—leaving subd. 4 to have sole application to actions on contract, according to its original purpose in the Non-imprisonment Act of 1831. Subd. 1 embraces actions for fraud, among the others therein specified. Under this subdivision, a defendant in an action on the case for fraud may be arrested, if it be shown that he is not a resident of the State, or that he is about to remove therefrom. True, it is unnecessary to show that the defendant is a non-resident or that he is about to depart the State, in case the action be for an injury to person or character, or for injuring or wrongfully taking, detaining, or converting property. In those cases, the defendant may be arrested as a matter of course, on proof by affidavit of the cause of action simply. Why the Legislature discriminated in favor of actions for fraud, and made them favorites in law, to some extent, over actions for assault and battery, slander, libel, trespass, trover, and many others mentioned in subd. 2, is not obvious. But so it is written. Thus we find that a defendant, in an action for fraud, may be arrested under subd. 1, in case it be shown that he is not a resident of the State, or is about to remove therefrom. If there had been an intention to authorize an arrest in all cases where fraud was the gist of action, it doubtless would have been so expressed in this subdivision, where the subject of arrest in that class of cases was considered. Such intention would not have been left, I think, to be deduced by construction under another subdivision, which, it must be admitted, has general if not exclusive application to an entirely different class of actions. I am entirely satisfied that an order of arrest is not authorized by subd. 4, in an action on the case for fraud. Section 4 has reference to actions on contract, in which the contract is the gist of action, and fraud in contracting the debt, or incurring the obligation, is the ground of arrest. As was held in McGovern *a.* Payn, the section obviously contemplates that the debt or obligation should be of that character, that the suit might be brought on it even if unaccompanied by fraud in contracting it. In no view of the case can the order of arrest be sustained.

the present action, and procured an order of arrest, under which two of the defendants were arrested. Their motion to vacate the order of arrest was denied by Mr. Justice Barnard, and they appealed.

*Nathaniel Niles*, for the appellants.—I. The order of arrest is a nullity, for irregularities in the jurat of the affidavit on which it was granted, and in the acknowledgment of the under-taking.

My conclusions in this case, briefly stated, are these : that the order of arrest cannot be upheld under subd. 1, for the reason that the action is on the judgment ; hence, in law, is an action on contract ; nor can it be upheld under subd. 4, inasmuch as that subdivision is applicable only to actions on contracts induced by fraud. I have arrived at these conclusions in this case, against my inclination and wishes, and they are contrary to the impressions entertained by me on the hearing of the motion. But they seem to be the necessary deductions from well-settled rules and principles of law. I cannot refrain from expressing my regret that the law will not permit the enforcement of the plaintiff's demand, by an application of the severest remedies ever adopted in civil actions. But the law must be observed, and if, on pursuing the remedies it affords, it prove less effectual than we could wish in a particular case, still it can be administered only in the way provided by the sovereign power ; and if no extraordinary remedies are given to the party, he must be confined to those which are clearly sanctioned and ordinarily pursued.

The motion to vacate the order of arrest must be granted, but it must be without costs of motion.

NOTE.—The rule that a judgment merges the cause of action, is to be taken with some qualification. Several of the cases cited in the foregoing case turn on the effect of a judgment against one of several joint-debtors ; but where the judgment is coextensive, as to parties, with the original cause of action, there are not wanting authorities that a judgment without satisfaction is not an extinguishment of a collateral-remedy for the same cause of action. [3 East, 258.] Thus a judgment for rent does not preclude the plaintiff from proceeding by distress for the same rent. (Chipman *a.* Martin, 13 *Johns.*, 240.)

So, a judgment confessed does not extinguish the original contract, so long as the judgment remains unsatisfied. [1 Chitt. Pl., 96 ; 3 East, 251 ; 2 Leon, 110 ; Bac. Abr., Tit. Extinguishment (D.), 6 Cranch, 264.] (Day *a.* Leal, 14 *Johns.*, 404 ; Butler *a.* Miller, 5 *Den.*, 159.)

On this principle, too, it was held in the case of Thompson *a.* Minford (11 *How. Pr.*, 273), that where plaintiff has a good cause of action, but it is uncertain in which of two forms he should sue for it, he may adopt the narrative mode of stating the facts, as was frequently done in a bill in chancery, and sometimes in an action on the case. Thus he may allege a contract on which he seeks to hold the defendant liable, and also a judgment recovered by him thereon in another State, as one cause of action ; claiming still only one payment for the whole,—as one only is due.

II. The plaintiff took the defendants' note, after he knew all the facts, and thus he changed the claim from one in the nature of a wrong to one upon contract, and the defendants are not liable to arrest. (Alliance Ins. Co. *a*. Cleveland, 14 *How. Pr.*, 408.)

III. The plaintiff has included the costs of protest in his claim (which is founded on an implied contract to repay) with what he alleges to be a wrong. No order of arrest can be maintained, because if that could be done, the defendants would be required to give bail for a claim not tinged with fraud, by including with it a cause based on fraud. (Lambert *a*. Snow, 9 *Abbotts' Pr.*, 91; S. C., 17 *How. Pr.*, 517.)

*Hamilton Odell*, for the respondent.—Plaintiff's case being confessed, the only question is: Is it avoided by the fact of the receipt of defendants' note? Clearly not. 1. The note was received in settlement, *in one sense:* that is, by it an open account was liquidated or adjusted. As a payment, discharge, or satisfaction of the original claim, it was not effectual. 2. The note of a debtor, even if taken by express agreement in full payment of a precedent contract debt, will not operate as payment so as to prevent the creditor from suing on the original consideration. (Cole *a*. Sackett, 1 *Hill*, 516; *Edwards on Bills*, text and notes, 192–207; Nichols *a*. Michael, 23 *N. Y.*, 264, 292, 293; Higby *a*. N. Y. & Harlem R. R. Co., 3 *Bosw.*, 497; Central City Bank *a*. Dana, 32 *Barb.*, 296. See Moers *a*. Martens, 8 *Abbotts' Pr.*, 257.) 3. The only effect of receiving the note was to extend to defendants the time of payment. (Geller *a*. Seixas, 4 *Abbotts' Pr.*, 103.) 4. The note is unpaid, has not been negotiated, and is in plaintiff's possession. 5. The original consideration not being impaired, no remedies accompanying it are lost to the plaintiff.

By the Court.—Leonard, J.—The first three objections to the validity of the order of arrest, raise only questions of regularity. As none of them are referred to in the papers upon which the motion is founded, they are not available here.

It is alleged, by the defendants, that a note was given to the plaintiff after the cause of action herein accrued, and that the demand thereby lost its fiduciary character.

The note as given is the obligation of the debtors only, and was not paid at maturity. It is not disputed that the plaintiff still holds it; and is able to make profert of it at the trial.

In the absence of a special agreement, it is well settled that such a note does not extinguish the original demand. I am wholly unable to see that the plaintiff has received any consideration which can operate to change his rights in respect to the original demand.

It is also stated in the moving affidavits, that the defendants gave a check for this demand of the plaintiff, which was protested, and that the expense of the protest, amounting to 81 cents, is included in the sum for which the plaintiff has obtained his order of arrest, and for which he claims to recover here. If so, it is not stated as an independent cause of action. There is no attempt at the union of a cause of action for which the defendants are not subject to an arrest, with another for which such an order is authorized. The objection arises only from the plaintiff having claimed that there is more money in the defendants' hands than the defendants are willing to acknowledge. The plaintiff and the defendants disagree as to the sum due for the proceeds of the property sold. If the plaintiff has claimed too much, the defendants can meet him at the trial and take their objections, where that question can be properly determined. It is no ground upon which to vacate the arrest.

The question is, also, within the principle, *de minimis non curat lex.*

The order appealed from is affirmed, with costs.

INGRAHAM and ROSEKRANS, JJ., concurred.