HENRY GREENBAUM *and others v.* ALEXANDER D. STEIN.

An order of arrest for fraud in contracting the debt, under section 179, subd. 4, of the Code, may be granted in an action upon a judgment recovered upon the debt. *So held,* in an action upon a foreign judgment.

When a question has been fully considered, and deliberately determined, and there is a conflict in other cases upon the same point, the decision should be adhered to in the court in which judgment was pronounced, until disturbed upon adjudication of the court of last resort.

APPEAL by the defendant, from an order at special term, denying a motion to vacate an order of arrest. The action was brought upon a judgment recovered in the Circuit Court of Cook County, Illinois, on the 4th day of September, 1865, for $3,766 65.

On an affidavit setting forth the fraud of the defendant in contracting the debt upon which the judgment was obtained, an order of arrest was granted. The defendant moved, upon affidavits, to vacate the order of arrest, which motion was denied, and the defendant appealed.

*C. A. Runkle,* for appellant.

*F. C. Barlow,* for respondents.

DALY, F. J.—In *Wanzer* v. *De Baun* (1 E. D. Smith, 261), I discharged the order of arrest upon the ground that it could be granted only in an action brought to enforce the contract. I was of opinion that the Code had simply preserved the right to arrest in the case in which it had been allowed under the act to abolish imprisonment for debt; that is, where the defendant had fraudulently contracted the debt, or incurred the obligation respecting which *the suit was brought* (Laws of 1831, p. 397, § 4, subd. 4). That the 4th subd. of § 179, is confined to cases in which the cause of action is the contracting of a debt or the incurring of an obligation, or for the taking, detention, or concession of property, or to recover damages for fraud or deceit,

and does not provide for the case of an action upon a judgment, even though the defendant might have been arrested in the action in which the judgment was obtained. The judgment itself becomes a debt of record, and the contract, or other cause of action upon which it was founded, is merged in it. It is a bar to any other action founded upon the original promise or cause of action, and this rule applies, though the judgment was recovered in another State (*Besley* v. *Palmer*, 1 Hill, 482 ; *Suydam* v. *Barber*, 18 N. Y. 470 ; *Mills* v. *Duryee*, 7 Cranch, 481 ; *Hampton* v. *M'Connell*, 3 Wheat. 234).

An appeal was taken from my decision, and the question was carefully examined by my then colleague, Judge Woodruff, who came to the conclusion that this construction was erroneous, and, as Judge Ingraham agreed with him, the order of the special term, discharging the arrest, was reversed.

The substance of Judge Woodruff's conclusion was briefly this : That the action upon the judgment is for the recovery of a debt, a debt then due by judgment, but none the less a debt. That the cause of action is technically merged in the judgment, but not so as to preclude the court from looking behind the judgment to see upon what it was founded. That if the original debt was fraudulently contracted, the fraud is fastened upon it through every form which the evidence of the debt may assume, and remains until the debt is paid, or otherwise discharged. That the recovery of a judgment, and the return of an execution unsatisfied, may be the only means by which the fraud is first discovered, where, as is sometimes the case, judgment is confessed at the time of the sale, under a stipulation that no execution is to issue until the term of credit has expired. That when an action is brought upon the judgment, the court, for the purposes of the merely *collateral* question, whether the plaintiff in that action can hold the defendant to bail, will, and are bound, by the plain terms of the Code, to look through and beyond the mere forms of the security held by the plaintiff, to the origin of the transaction. That they will, and ought to, regard the *substance* of the plaintiff's claim, viz., the *debt*, rather than the form or shell by which it is encompassed.

Justice Mitchell, afterward, in *Goodrich* v. *Dunbar* (17

Barb. 644), came to the same conclusion that I did, and dis-
charged an order of arrest. But, the arrest there, was under
the 2d subd. of sec. 179, for the nonpayment of money received
in a fiduciary capacity, where, perhaps, it more explicitly ap-
pears that the arrest is to be in the action brought for the re-
covery of the money; and in *Peel* v. *Elliott* (16 How. Pr. 484),
Justice Davies, in consequence of the decision of Justice Mit-
chell, declined to pass upon the question, and formally denied
the motion, that the judgment of the general term might be
taken.

In *McButt* v. *Hirsch* (4 Abb. Pr. 443), which was an action
brought upon a judgment recovered in the Marine Court of this
city, Judge Brady discharged an order of arrest, granted upon
the ground that the defendant fraudulently contracted the debt
upon which the judgment was recovered. He followed the de-
cision of Justice Mitchell, assigning, as an additional reason,
that the order of arrest, by the 183d section, may be made at
any time *before judgment*, indicating that the previous section
did not contemplate an arrest in an action *upon* a judgment,
and he declined to follow the case of *Wanzer* v. *De Baun* (su-
pra), upon the ground that the judgment there was recovered in
another State. " Whether," he said, " the doctrine of *Wanzer*
v. *De Baun*, be correct or not, the judgment, when recovered
in this State, quiets all question in respect to the subject mat-
ter, and the remedies applicable thereto. The judgment is ex-
clusive, and the creditor's further remedies are upon it alone.
He should not be permitted to revive or revert to the original
cause of action, incidentally or otherwise, in an action upon his
judgment, for the purpose of acquiring any omitted provisional
remedy." It does not appear by the report, that the judgment
in *Wanzer* v. *De Baun*, was recovered in another State, but,
if it had been, it is settled, by the authorities before cited, that
the cause of-action would have been merged in it, quite as ef-
fectually as if it had been recovered in this State, and, if Judge
Woodruff's general view is correct, the 183d section would be
no obstacle, as the order of arrest can be made before judgment
in the action upon the judgment.

In *Arthurson* v. *Dalley* (20 How. Pr. 316), which was an

action upon a judgment recovered in a foreign country, Justice Hogeboom denied a motion to discharge an order of arrest, granted upon the ground that defendant received the money for which the judgment had been recovered in a fiduciary capacity. He held, that, being a foreign judgment, the plaintiff was not precluded, as he might be in a domestic judgment, from going back to the original cause of action; but even if estopped by the record from going behind it, the record itself showed that the money had been embezzled, and that this was sufficient to entitle him to the provisional remedy of an arrest, which was holding, in fact, that an arrest was allowed by the Code in an action upon a judgment.

In *Mallory* v. *Leach* (23 How. Pr. 507), Justice Bockes dissents from this latter conclusion of Justice Hogeboom, and, in an elaborate opinion, comes to the conclusion that an order of arrest cannot be granted under any of the subdivisions of section 179, in an action upon a judgment, a conclusion which, I think, was correct.

In this conflict of opinion, the proper course, in respect to *Wanzer* v. *De Baun*, is, to apply the maxim, *stare decisis*. As the point was maturely considered by the two able and experienced judges who then constituted the majority of the court, the decision should stand until the question is settled by the court of last resort (4 Kent's Com. 476). When a question has been fully considered and deliberately determined, and there is conflict in other cases upon the same point, the decision should be adhered to in the court in which it was pronounced (*Harris* v. *Clark*, 2 Barb. 101; *People* v. *Tredway*, 3 Id. 474; *People* v. *Mayor of Brooklyn*, 9 Id. 544; *Woolsey* v. *Judd*, 4 Duer, 379; *Baker* v. *Lorrillard*, 4 N. Y. 261; *Leavitt* v. *Blatchford*, 16 Id. 544; *Olcott* v. *Tioga Railroad Co.* 26 Barb. 157).

The judge, at the special term, finding a decision of the general term expressly in point, refused to discharge the arrest, and the order he made should be affirmed.

BRADY, J.—I was not a member of this court when the case of *Wanzer* v. *De Baun* was decided. Without expressing an opinion as to the accuracy of the judgment pronounced in that

case, I agree with Judge Daly, that, having been rendered after solemn deliberation, the doctrine established by it, should not be disturbed, except upon an adjudication of the court of last resort.

Order affirmed.