JOHN BAXTER, Respondent, *v.* WILLIAM F. DRAKE, Appellant.

Under the Code of Civil Procedure (§ 552), in an action upon a judgment of a court out of the State, plaintiff is entitled to an order of arrest, where the original cause of action was such as to authorize the arrest of defendant.

*It seems* that the action should be brought upon the judgment, instead of the original cause of action.

(Argued May 31, 1881 ; decided June 14, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made November 26, 1880, which affirmed an order of Special Term denying a motion to vacate an order of arrest herein. (Reported below, 22 Hun, 565.)

The facts are sufficiently stated in the opinion.

*Algernon S. Sullivan* for appellant. The arrest of defendant was not warranted under section 552 of the Code of Civil Procedure. (*Goodrich* v. *Dunbar*, 17 Barb. 644.) This action is upon a contract, *i. e.*, a judgment. No part of the Code authorizing arrests because of tort can apply to it. (*McGuire* v. *Gallagher*, 2 Sandf. 402.)

*David J. H. Willcox* for respondent. The facts clearly established the right to arrest. (Code of Civil Procedure, §§ 549, 550.) The right to arrest is not lost by reason of the recovery of judgment in the Circuit Court. (*Wanzer* v. *De Baun*, 1 E. D. S. 261; *Greenbaum* v. *Stein*, 2 Daly, 223; *Fellows* v. *Cooke*, 50 How. Pr. 95; *S. C.*, 6 Daly, 204; *Arthurton* v. *Dalley*, 20 How. Pr. 311; Commissioners' Report, Appendix B. 519, § 552, and Throop's Code, § 552; Code of Civil Procedure, § 552.) The fact that the debt had passed into the form of a judgment does not change its character. It is still a claim for damages for conversion or fraud. (*Shuman* v. *Strauss*, 52 N. Y. 404, 408; *Clark* v. *Rowling*, 3 id. 216; *Freiberg* v. *Popper*, 12 Hun, 658; *In re Patterson*, 2 Ben. 155; *In re Whitehouse*, 4 N. B. R. 63; *Warner* v. *Cronkhite*, 13 id. 52;

*In re Seymour*, 6 Int. Rev. Rec. 60, 61 ; *Arthurton* v. *Dalley*, 20 How. Pr. 311 ; *Fellows* v. *Cooke*, 6 Daly, 204.) The order of arrest is not dependent merely upon the form or contents of the complaint. It is sufficient if the jurisdictional facts appear from any of the papers upon which the order is based. (*Sloane* v. *Livermore*, 14 Hun, 29 ; *Taylor* v. *Faas*, id. 166.)

MILLER, J. The complaint in this action is upon a judgment alleged to have been recovered in the Circuit Court of the United States for the Eastern District of Tennessee. The action was originally brought in the State Court of Tennessee, and was removed, upon the application of the defendant, to the Circuit Court of the United States. An affidavit upon which the order of arrest was granted shows that certain bonds, of $1,000 each, were delivered to the firm of which the defendant was a member, to be sold on commission ; that all of them, except eighteen, which were duly demanded, were accounted for, and for those, said firm refused to account, and they were kept and converted to the use of said firm, and that a judgment was recovered for the said conversion in the said Circuit Court for the same amount which the plaintiff claims to recover in this action. The case at bar was one for which the defendant was clearly liable to be arrested under the Code of Civil Procedure (See §§ 549, 550), and the question now presented is, whether the right to arrest was lost by reason of the recovery of the judgment in the Circuit Court of the United States ? Before the enactment of the Code of Civil Procedure, the question whether a recovery of a judgment in a court out of the State merged the original cause of action, and the right to an order of arrest was the subject of consideration by the courts, and the decisions in regard to the same were not entirely uniform. (*Wanzer* v. *DeBaun*, 1 E. D. Smith, 261; *Greenbaum* v. *Stein*, 2 Daly, 223; *Fellows* v. *Cook*, 50 How. 95.) These decisions in the New York Common Pleas hold that the right to arrest exists notwithstanding the judgment. In the Supreme Court there is some conflict, but the contrary rule is upheld by the weight of authority. In *Goodrich* v. *Dunbar* (17 Barb.

644), an order of arrest was granted after a judgment had been obtained in another State, and the General Term held that the law of this State was that a judgment merges the original cause of action. (See, also, *Mallory* v. *Leach*, 23 How. Pr. 507; *Goodale* v. *Finn*, 2 Hun, 151.) A contrary doctrine is upheld in *Arthurton* v. *Dalley* (20 How. Pr. 311). It was decided in this State many years since, that a judgment extinguished the original debt, and that the judgment of the court of a neighboring State is no less effectual in extinguishing the demand on which it was rendered than the judgment of a court strictly domestic. (*Besley* v. *Palmer*, 1 Hill, 482. See, also, *Nicholl* v. *Mason*, 21 Wend. 341, 342; *Oakley* v. *Aspinwall*, 4 Comst. 514, 519, 520; *Suydam* v. *Barber*, 18 N. Y. 468, 470.) Upon the enactment of the Code of Civil Procedure, an additional provision was made (§ 552) which declares that "the recovery of a judgment in a court, not of the State, for the same cause of action; or, when the action is founded on fraud or deceit, for the price or value of the property obtained thereby, does not affect the right of the plaintiff to arrest the defendant, as prescribed in this title." It is insisted that this section was intended to and did settle the rule as to the effect of a judgment in the court of another State and as to the right to an order of arrest, and a note of the commissioners to this section states that this was a new provision settling a point upon which the authorities are in conflict, whether a foreign judgment prevents an arrest in this State in an action relating to the same cause of action.

The provision cited clearly declares that, where a judgment has been recovered in the court of another State for the same cause of action, the right of the party to an order of arrest is not affected. This interpretation gives the right to prosecute upon the demand the same as if no judgment had been obtained, and whether the suit was upon the judgment or upon the original cause of action separately is not, I think, material, and cannot affect the right conferred, as "the same cause of action" evidently means the cause of action on which the judgment was entered. The action here is on the judg-

ment, and one of the affidavits upon which the order of arrest was granted shows that it was for the conversion of property, and thus establishes that it was for the same identical cause of action as the judgment itself. The true interpretation of the section cited is, that where there is a judgment out of the State, when the action is of such a nature as to authorize an arrest, the plaintiff has a right to sue within the State for the original cause of action, precisely the same as if no judgment had been obtained, and that such judgment is not a bar to the action brought. Although the debt had passed into the form of a judgment the action for damages arising from the conversion still remains, and is not merged therein. The learned counsel for the appellant claims that the plaintiff is not compelled to sue in debt upon the judgment, and he could bring his action for the original cause, and it is optional with the defendant whether he plead merger in the judgment. If this position is a sound one, the former judgment would be a bar to the suit upon the original cause of action, and hence it would be but a useless ceremony to sue. If such be the case the provision of the Code last cited would also be meaningless and of no effect whatever. It was intended evidently, as we have seen, to relieve against the extinguishment, by the judgment, of the original demand, and could have no effect if the judgment is a bar. Regarding the section cited as designed to remedy an apparent defect in the Code and to confer an absolute right to sue for the original cause of action, no sufficient reason exists why the action may not be maintained upon the judgment and an order of arrest be granted upon proof that a proper cause of action originally existed. The same result would follow if the action could be brought for the original cause, but inasmuch as the judgment constitutes a part of the proceedings of the plaintiff to enforce his demand, I think that within the provision cited the action may be upon the judgment. The construction given does not enlarge the effect of the section cited, but merely gives it such legitimate force as is authorized by the language employed, and the remedy which the law makers

evidently had in view. A majority of the court are of the opinion that the action should be on the judgment and not upon an independent cause of action. This leads to the same result, and the conclusion is that the order of arrest was properly granted, and the order of the. General Term should be affirmed.

All concur, except FOLGER, Ch. J., absent.

Order affirmed.