## GUTTA PERCHA, &c. CO. v. MAYOR, &c. OF HOUSTON.

### N. Y. Court of Appeals ; January, 1888.

1. *Attachment: Action on judgment.*]   An attachment may be grant- ed as a provisional remedy in an action on a judgment.

2. *Judgments considered as contracts.*]   An action on a judgment is to be deemed an action on contract (within the *Code Civ. Pro.* § 635, allowing attachments in certain cases in action on contract), irre- spective of the nature of the cause of action on which the judg- ment was recovered.

3. *The same.*]   *Code of Civ. Pro.* § 635, contemplates not merely express contracts, but also implied contracts, which, although not expressly made by the parties, are made by the law, where it en- forcing a sound morality, and a wise public policy, acting upon principles of equity and justice, imposes upon a party an obliga- tion to pay a debt, or discharge a duty.

4. *Provisional remedies.*]   Hence in an action upon a binding judg- ment, whether foreign or domestic, plaintiff is entitled to the same provisional remedies to which he would be entitled in an action on contract express or implied.*

Appeal by the plaintiff from an order of the General Term of the supreme court of the First Departments, revers- ing an order of the Special Term which denied the defen- dants motion to vacate an attachment.

The material facts are fully stated in the opinion.

*Pelton & Poucher*, for the plaintiff, appellant.

*Michael H. Cardozo* (*Billings & Cardozo*, attorneys), for the defendants, respondents.

EARL, J.—The plaintiff commenced this action against the defendant, in the supreme court of this State, to

---

* See note on Remedies in Actions on Judgments, at the end of this case.

recover the amount of a judgment rendered in its favor against the defendant in Texas, by a court in that State having jurisdiction of the action. For the purpose of obtaining an attachment against the defendant an affidavit was made on behalf of the plaintiff in which it was stated, among other things, that the judgment was duly recovered in the Texas court; but there was no allegation in the complaint, nor statement in the affidavit, showing what the judgment was recovered for. The attachment having been granted, a motion was made to vacate it on the ground that it did not appear for what the judgment was rendered, and hence that it may have been rendered in an action *ex delicto*, not embraced within section 635 of the Code which specifies the only cases in which attachments can be granted against the property of defendants. The motion to vacate was denied by the judge who granted the attachment, and then the defendant appealed from his order to the general term, and there the order was reversed and the attachment vacated upon the ground that "the plaintiff's papers did not show that the action was brought to recover a sum of money only as damages for the breach of a contract, express or implied, other than a contract to marry."*

A judgment is not for all purposes and under all circumstances to be treated as a contract; and yet it has frequently been so treated. There is always on the part of the judgment debtor an obligation or promise implied by law to pay the judgment. In Taylor *v.* Root (4 *Abb. Ct. of App. Dec.* 382), an action upon contract, it was held that a judgment in an action of slander could be set up as a counterclaim for the reason that it was a cause of action arising on contract, and existing at the commencement of the action. In Nazro *v.* McCalmont Oil Co. (36 *Hun*, 296), upon an appeal from

---

* *Code Civ. Pro.* § 635. A warrant of attachment against the property of one or more defendants in an action, may be granted . . . where the action is to recover a sum of money only, as damages for one or more of the following causes: 1. Breach of contract, express or implied, other than a contract to marry.

an order of the special term denying a motion to vacate an attachment issued in an action brought upon a judgment recovered in the State of Pennsylvania, DAVIS, P. J., said: "We think a judgment is a contract 'express or implied,' within the meaning of section 635 of the Code of Civil Procedure." In Donnelly v. Corbett (7 *N. Y.* 500), an attachment was based upon a judgment recovered against the defendant in a·suit in the State of South Carolina.

Two kinds of contracts are contemplated by section 635: express contracts which are such as are voluntarily made by the parties thereto, and implied contracts which, though not expressly made by the parties are made by the law where it, endorsing a sound morality. and a wise public policy, acting upon principles of equity and justice, imposes upon a party an obligation to pay a debt or discharge a duty. After the recovery of this judgment, whether it was recovered for a tort or upon contract, the recovery became a debt which the defendant was under obligation to pay; and the law implied a promise or contract on his part to pay it. The previous cause of action, whatever it was, became merged in the judgment (Besly v. Palmer, 1 *Hill*, 482; Goodrich v. Dunbar, 17 *Barb.* 644; McButt v. Hirsch, 4 *Abb. Pr.* 441; Mallory v. Leach, 14 *Id.* 449n.; Clark v. Rolling, 3 *N. Y.* 216, 227; Suydam v. Barber, 18 *Id.* 468; Atlantic Dock Co. v. Mayor, &c., 53 *Id.* 64; *Freeman on Judgments*, §§ 215, 217).

This is not, therefore, an action *ex delicto* but *ex contract*, and the plaintiff was entitled to such remedies only as are authorized in actions upon contracts. If the Texas judgment had been for tort, and the defendant had been a natural.person, upon any judgment recovered in this action an execution could not have been issued against the person of the defendant.

We find nothing in the letter of the statute, or in the policy upon which it is founded, which requires us to hold that the plaintiff is not entitled to an attachment in this case, and we find no authority sustaining the contention of

the defendant. There are authorities which hold that judgments, for some purposes, are not contracts, but there is no authority that they are never to be treated as contracts, and all of them recognize the implied obligation of every judgment debtor to pay the judgment, and that for the purpose of actions and remedies upon them they are to be treated as contracts (O'Brien v. Young, 95 N. Y. 428 ; Chase v. Curtis, 113 U. S. 452). In a suit upon a binding judgment, whether foreign or domestic, the plaintiff must therefore be entitled to the same provisional remedies to which he would be entitled in an action upon a contract, express or implied.

If the plaintiff's original cause of action was for a tort that was merged in the judgment, and the plaintiff could not thereafter sue in this State for the tort ; but even if he could, there is no authority holding that he was obliged to, and that he could not take his remedy in this State upon the judgment, treating the tort as merged therein.

We are, therefore, of opinion that the order of the general term should be reversed, and that of the special term affirmed with costs in all the courts.

All concurred.

## NOTE ON REMEDIES IN ACTIONS ON JUDGMENTS.

It is well settled that for some purposes a judgment is not to be classed as a contract; thus the constitutional provisions against legislation impairing the obligation of a contract does not include the contract implied by law to pay a judgment recovered against a municipality for tort. Louisiana v. Mayor of New Orleans, 109, U. S. 285.

So, also, a judgment against a corporation for a tort is not to be classed "as a debt contracted by the corporation" within a penal statute rendering directors liable for failure to file reports. Chase v. Curtis, 113 U. S. 452, 462, although according to the opinion of Justice STORY it may be classed as a contract within a statute making stockholders individually liable. But see Chase v. Lord, 6 Abb. N. C. 258 with note, s. c., 77 N. Y. 1, rev'g 16 Hun, 369, for the principle of construction now followed in the strict interpretation of statutes preserving the individual liability of members of a corporation.

The case in the text establishes the important and reasonable general principle that for the purpose of remedies for the direct enforce-

ment of a domestic or foreign judgment against the person bound thereby, and particularly for the purpose of provisional remedies in an action upon it, the judgment may be deemed a contract, and is within the terms of any statute giving a remedy " in an action on a contract express or implied," and this irrespective of the ground on which the judgment was originally recovered.

It may be useful to indicate the application of this principle to some other provisions of the Code.

The jurisdiction of a superior city court extends " to an action brought by a resident of the city against a foreign corporation either to recover damages for the breach of a *contract express or implied*, or a sum payable by the terms of a *contract express or implied*, where the contract was made, executed or delivered within the State," etc. *Code Civ. Pro.* § 263, subd. 7.

"The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover" upon *contract express or implied*, § 484.

See case (1) *infra*, p. 225.

In an action " *on contract*" any other cause of action " *on contract*" existing at the commencement of the action and between proper parties, may be treated as a counterclaim. § 501.

A defendant may be arrested "in an action *upon contract express or implied*, other than a promise to marry," on allegations of fraud in contracting or incurring the liability, or of disposing of property, etc., to defraud creditors. § 549, subd. 4.

See cases (2) (3), *infra*, p. 225.

The language of § 635, referred to in the text, allows a warrant of attachment " where the action is to recover a sum of money only, as damages, for one or more of the following causes :

1. *Breach of contract express or implied*, other than a contract to marry " where defendant is an absentee, or is guilty of fraud on creditors, or is concealed, etc., to avoid summons.

See cases (4) (5) (6) *infra*, pp. 225, 226.

The joint debtor act allows judgment against several joint debtors " alleged to be jointly indebted upon contract," upon service made on one or more. *Code Civ. Pro.* § 1932, revising *Code Pro.* § 136, subd. 1.

But by express provision of § 1940, for the purpose of obtaining arrest, injunction or attachment, the subsequent action against a defendant not originally served " is regarded as being founded upon the contract upon which the original judgment was recovered." This provision was new in 1880.

In passing it may be well to note some other provisions as to reme-

dies which perhaps do not fall within the scope of the principle stated in the text.

Thus, by section 753, as amended in 1877, "the estate of a person or party jointly liable *upon contract* with others shall not be discharged by his death."

By section 1843, heirs and devisees of a decedent are liable for his debts "arising by simple *contract*, or by specialty," to the extent of assets received; while the liability of next of kin, legatees, etc., is defined as extending *any debt* of the decedent upon which action might have been maintained against the executor or administrator.

See case (7) *infra*, p. 226.

By section 2183, an insolvent's discharge under the State law does not affect "a debt or liability, founded *upon a contract*" unless in certain cases.

By section 2862, a justice of the peace has jurisdiction in "an action to recover damages upon or for breach of a *contract, express or implied*, other than a promise to marry, where the sum claimed does not exceed $200," . . . and in "an action upon a judgment rendered in a court of a justice of the peace, or in a district court of the city of New York, or in a justice's court of a city, being a court not of record."

And several statutes allow looking behind a judgment in some cases, to the original cause of action. Thus, by section 1912, which was new in 1880, "a judgment for a sum of money, or directing the payment of a sum of money, recovered upon any cause of action, may be transferred ; but if it is vacated or reversed, the transfer thereof does not transfer the cause of action, unless the latter was transferable before the judgment was recovered." And section 2218 forbids discharging from imprisonment on execution, under article 3 (providing for discharge on assignment, if the debtor's proceedings are just and fair), "a person owing a debt or duty to the State, for taxes or for money received or collected by any person, as a public officer or in a fiduciary capacity, or a cause of action specified in section 1969 of this act, or a judgment recovered upon such a cause of action."

The general manufacturing act (*L.* 1848, c. 40, § 12) renders trustees individually liable "for all the debts of the company then existing, and for all that shall be *contracted* before such report shall be made."

See case (8) *infra*, p. 226.

The act reducing the rate of interest to six per cent. (*L.* 1879, c. 538), provided that "nothing herein contained shall be so construed as to in any way affect any *contract* or obligation made before the passage of this act."

See case (9) *infra*, p. 227.

The question determined in the case in the text was much contested

under the provision as to arrest in the former Code. WOODRUFF, J., in delivering the opinion of the N. Y. Common Pleas, at general term, in Wanzer *v.* De Baun, 1 *E. D. Smith*, 261, *held*, that recovery of a judgment (for aught th at appears in that case a domestic judgment) although it precluded inquiry into the original cause of action, for the purpose of the question whether the defendant was liable, did not for the purpose of the merely collateral question, whether in suing on the judgment plaintiff was entitled to arrest: and for this purpose the court must look beyond the judgment, which was only a form of security, to the cause of action ; and that it was error to refuse an order of arrest if fraud in contracting the original cause of action was shown ; and this conclusion was adhered to in Greenbaum *v.* Stein, 2 *Daly*, 223, in the case of a foreign judgment.

On the other hand, in Mallory *v.* Leach, 14 *Abb. Pr.* 449, *n.* ; and Goodrich *v.* Dunbar, 17 *Barb.* 644, it was held, without however noticing the decision in Wanzer *v.* De Baun, that even a foreign judgment merged the original cause of action for both purposes, and precluded an arrest.

Other cases indirectly bearing on the question are Arthurton *v.* Dalley, 20 *How. Pr.* 311 ; Goodale *v.* Finn, 4 *Supm. Ct.* (*T. & C.*) 432 ; s. c., 2 *Hun*, 151.

In this conflict of decision the Code of Civil Procedure added a provision (§ 552), that "the recovery of judgment in a court, not of the State, for the same cause of action ; or, where the action is founded upon fraud or deceit, for the price or value of the property obtained thereby ; does not affect the right of the plaintiff to arrest the defendant, as prescribed in this title." This provision settled the doubt so far as foreign judgments are concerned ; and it was held in Baxter *v.* Drake, 85 *N. Y.* 502 ; aff'g 22 *Hun*, 565, that a foreign judgment does not prevent an arrest here, if the original cause of action was one for which arrest might be ordered. MILLER, J., delivered the opinion of the court, saying, upon page 505, that plaintiff has a right to sue within this State, for the original cause of action, precisely the same as if no judgment had been obtained ; but in the close of his opinion, he says, "a majority of the court are of the opinion that the action should be on the judgment and not upon an independent cause of action ; that leads to the same result."

This case fully established the principle, that after judgment recovered even in a sister State, the action should be on the judgment, for as to the cause of action the judgment works a merger, so that if plaintiff did not recover his whole claim by the foreign judgment, that judgment would be conclusive as to the amount that he could recover here ; but that for the purpose of arrest, the court may look behind a foreign

judgment, and if the original cause of action was one for which arrest
might have been allowed, the foreign judgment does not preclude it.

Since that case the courts have, in practice, followed the doctrine
intimated in the text, that with the statutory exception of arrest after
foreign judgment, neither arrest nor attachment can be had on the origi-
nal cause of action, after plaintiff has recovered judgment in a former
action.

The result is that in the absence of an express statutory provision
—as in the case of arrest where the judgment is foreign, and of insol-
vent's discharged where the judgment is in favor of the State, etc., and
of the joint debtor act, etc.,—a plaintiff who has recovered judgment
and sues thereon has, and is confined to, such remedies as are authorized
in actions upon contract.

The following cases illustrate this subject:

(1) Barnes v. Smith, 16 Abb. Pr. 420.

Action upon three judgments in plaintiff's favor, recovered in an-
other State; one against defendant and two others, one against defen-
dant and another, and one against the defendant alone. Held, that a
demurrer for misjoinder of causes of action was properly sustained, un-
der Code Pro. § 167, allowing joinder of causes of action arising out of
"contract, express or implied," only when they affect all parties to
the action; that a judgment might properly be regarded as a con-
tract within that section. See also, Mahaney v. Penman, 4 Duer, 603.

(2) U. S. v. Reid, 4 Civ. Pro. R. (Browne) 1.

Action for the value of merchandise forfeited for entry by means
of false and fraudulent practices, under the U. S. Revised Statutes. An
execution against the person was issued upon the judgment; and upon
motion to set it aside, held, that Code Civ. Pro. § 549, allowing pro-
cess to issue against the body in actions on contract, express or im-
plied, did not authorize an arrest, as the contract referred to in § 549 is
a contract between party and party, and not that general compact be-
tween members of society and all others to support the laws implied
from living under them.

(3) Carter v. Hoffman, 2 Civ. Pro. R. (Browne) 328.

A motion to vacate an order for arrest in an action upon judg-
ment of another State, granted under Code Civ. Pro. § 552, on the
ground that the defendant acting as plaintiff's factor, in a fiduciary
capacity, had collected money belonging to them, which he had con-
verted to his own use, was denied, upon the authority of Baxter v.
Drake, 85 N. Y. 502.

(4) Remington Paper Co. v. O'Dougherty, 32 Hun, 255.

Action to recover the amount of a judgment for costs of a former
action alleged to have been prosecuted by the present defendant in the

name of a third person for the defendant's benefit. *Held*, that a warrant of attachment could not be granted upon the ground that the action was an action upon a contract, express or implied, within Code Civ. Pro. § 635, the court saying, "It has been held repeatedly that a judgment is no contract, nor can it be considered in the light of a contract, for *judicium redditur in invitum.*   Bidleson *v.* Whytel, 3 *Burr.* 1545; Wyman *v.* Mitchell, 1 *Cow.* 316, 321."

(5) Donnelly *v.* Corbett, 7 *N. Y.* 500.

Action upon a bond given to dissolve an attachment. The attachment was issued upon an affidavit that the demand arose upon a judgment which deponent has been "informed and believes" was obtained about a specified year in the court of another state. No objection to the validity of the bond in suit was made upon the fact that the action in which the attachment was issued was an action upon a judgment, but the only point raised (and which was overruled by the court), was as to the sufficiency of an affidavit when made merely upon information and belief."

(6) Besley *v.* Palmer, 1 *Hill*, 482.

Action upon a bond to discharge an attachment issued in an action upon a judgment recovered in another State. *Held*, that "an attachment does not lie on a judgment of a neighboring State for the simple reason that the statute (1 *R. S.,* 2 ed., 765,) which gives the remedy by attachment, does not extend it beyond a judgment rendered in this State. (§ 3.) It is true that the first section (Subdivision 2) covers a debt on contract; and the declaration seeks to reach that ground by going behind the judgment. That cannot be done. The judgment extinguished the simple contract debt. "

(7) Lockwood *v.* Fawcett, 17 *Hun,* 146.

Action against the devisees of a deceased mortgagor to enforce payment, out of the real estate devised, of the deficiency arising on foreclosure of the mortgage. The judgment in the foreclosure action was silent as to a possible deficiency, and there was no direction as to a judgment therefor, and no judgment was ever entered upon the order confirming the report of the referee which specified the deficiency. *Held*, that the action could not be maintained, as, until the entry of the judgment, no debt of the decedent had been established.

(8) Allen *v.* Clarke, 43 *Hun,* 377.

A judgment for costs against a corporation recovered in an action for trespass commenced by it is not a debt of the corporation for which a trustee may be held liable in case of failure to file the annual report within L. 1848, c. 40, s. 12, as amended by L. 1875, c. 510, making the trustee liable "for the debts of the company then existing, and for all that shall be contracted before such report shall be made," as these

words "shall be contracted," explained the words "existing debt," and limited them to such debts as the corporation has contracted, and the corporation cannot be said to have contracted the judgment for costs. See also, Chase v. Curtis, 113 *U. S.* 452, and Chase v. Lord, 6 *Abb. N. C.* 258, referred to *supra*, p. 221.

(9) O'Brien v. Young, 96 *N. Y.* 428.

A judgment rendered prior to the passage of the act reducing the rate of interest (*L.* 1879, c. 538), is not within the clause of the act excepting from its operation prior "contracts or obligations," as those words apply only to contracts or obligations resting upon the voluntary, mutual agreement of the parties.

(An instructive case in which the authorities are reviewed at length. It overrules in effect a contrary decision in Prouty v. Lake Shore & M. S. Ry. Co., 26 *Hun*, 546). See Wells, Fargo & Co. v. Davis, 105 *N. Y.* 670.

(10) McCoun v. N. Y. Central, &c., R. R. Co., 50 *N. Y.* 176.

An action to recover a statute penalty is not an action upon a contract within the meaning of Code Pro., s. 129, and the summons in such an action cannot be in the form prescribed as to actions upon contracts.

The court say: "A statute liability wants all the elements of a contract, consideration and mutuality, as well as the assent of the party. Even a judgment founded upon contract is no contract, for *judicium redditur in invitum.*"