### THORMAN *v.* POLYA.

*(Common Pleas of New York City and County, General Term.   April 6, 1891.)*

NOVATION—EVIDENCE.

   In an action by a subcontractor against a contractor for repairs, it appeared, upon cross-examination of the plaintiff, that he had accepted defendant's employer as his debtor, and had rendered him bills for work done, and received his note in payment thereof.   *Held*, that the court erred in thereafter excluding evidence offered by defendant to show that plaintiff had so accepted defendant's employer as his debtor in the place and stead of defendant, with intent to discharge him from further liability.

Appeal from eleventh district court.

Action by Phillip Thorman against Julius Polya to recover for work, labor, and services, and materials furnished.

Argued before BISCHOFF, P. J., and PRYOR, J.

*Wager & Acker*, for appellant.   *Herman Frank*, for respondent.

BISCHOFF, J.   Polya was engaged in the business of repairing carriages, and had been requested to do repairs for Wyman.   He sublet the work to Thorman, and the latter, having completed it, brought this action against Polya to recover the amount alleged to be due him therefor.   On the trial plaintiff claimed that the services rendered were performed at the request of the defendant, and upon his promise to pay therefor; but on cross-examination plaintiff admitted that he had rendered bills to Wyman charging the work to defendant, and that upon Wyman's promissory note for the amount he receipted the bills, and so delivered them to him.   The bills were introduced in evidence, and in plaintiff's handwriting bore an indorsement to the effect that the same were paid by Wyman's note.   Whether or not the defendant had approved of this arrangement between plaintiff and Wyman we cannot determine, because the trial justice persistently ruled out every question by the defense tending to show, by cross-examination of the plaintiff and the testimony of the witnesses for the defense, that Wyman had been substituted as debtor to plaintiff in the place and stead of the defendant, with the latter's approval and assent, and that it was thereby intended to discharge the defendant from further liability.   The defense to plaintiff's cause of action was, in effect, an accord and satisfaction by novation,—that is to say, the substitution of a new debtor in the place of the original debtor; and if such arrangement was assented to by all the parties concerned, and it was thereby intended to release and discharge the defendant from the claim in suit, such would be the effect.   5 Lawson, Rights, Rem. & Pr. p. 4236, § 2572. A case closely resembling this was that of *Cadens* v. *Teasdale*, 38 Amer. Rep. 697.   Cadens, having a claim against Teasdale, accepted the note of one Oliver in payment, and when, at maturity of the note, Oliver proved to be insolvent, Cadens sought to recover against Teasdale upon the original claim. Teasdale was held to be discharged.   See, also, 2 Whart. Cont. "Novation," § 852 et seq.; *Whitbeck* v. *Van Ness*, 11 Johns. 409; *Boyd* v. *Hitchcock*, 20 Johns. 76; *Booth* v. *Smith*, 3 Wend. 66; *Frisbie* v. *Larned*, 21 Wend. 450;

*Shaw* v. *Insurance Co.*, 69 N. Y. 286. The exclusion of the evidence offered by the defense was error, and the judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.