## THORMAN *v.* POLYA.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

**1. NOVATION—FAILURE OF CONSIDERATION—PAROL EVIDENCE.**

In an action for money due the defense set up a novation of parties, plaintiff having received the promissory note of one W. in exchange for the receipted bills of defendant's debt. *Held,* the presumption that plaintiff's acceptance of W.'s note was in discharge of defendant's debt was not conclusive, and might be rebutted by evidence of contrary intention, and plaintiff's written acknowledgment of payment did not preclude him from disproving the presumption by parol evidence.

**2. SAME—INSOLVENCY OF SUBSTITUTED OBLIGOR.**

In such a case, if W., at the time of giving the note, knew himself to be insolvent, plaintiff is justified, when such insolvency comes to his knowledge, in repudiating any agreement to receive the same in satisfaction of the debt.

Appeal from eleventh district court.

Action by Philip Thorman against Julius Polya to recover for work done and materials supplied defendant at his request. Judgment for plaintiff. Defendant appeals. Affirmed.

For former report, see 13 N. Y. Supp. 823.

Argued before BISCHOFF and PRYOR, JJ.

*Wager & Acker,* for appellant.   *W. M. Watson,* for respondent.

BISCHOFF, J. On a former appeal herein we were constrained to reverse a judgment for plaintiff, because of the erroneous exclusion on the trial of evidence offered in support of the defense. *Thorman* v. *Polya,* 13 N. Y. Supp. 823. On the retrial the facts remaining uncontroverted were that defendant owed plaintiff $107 for services rendered and materials furnished at his request; that one Weyman owed defendant a larger amount; that Weyman made and delivered his promissory note to plaintiff for the amount of the latter's demand against defendant; and that in exchange plaintiff delivered his

receipted bills for defendant's debt to Weyman. Plaintiff testified that at the time of the delivery of the receipted bills it was agreed between him and Weyman that he should procure Weyman's note to be discounted, and apply the proceeds of the discount in payment of his demand against defendant. That, induced by Weyman's representations to believe that it could be readily procured, he anticipated the discount of the note by delivery of the receipted bills; but that, having ascertained that the discount could not be readily obtained, he tendered Weyman return of his note. If his version of the transaction be true, plaintiff did not accept Weyman's note in payment. There was no agreement of "accord and satisfaction" by "novation" of parties, and defendant's indebtedness to plaintiff was not discharged. *Thorman* v. *Polya*, *supra*. Plaintiff's acceptance of Weyman's note in exchange for the receipted bills was only presumptively a discharge of defendant's debt, (*Noel* v. *Murray*, 13 N. Y. 167; *Shaw* v. *Insurance Co.*, 69 N. Y. 286,) and the presumption was open to rebuttal by evidence of a contrary intention, (*Tobey* v. *Barber*, 5 Johns. 68; *Johnson* v. *Weed*, 9 Johns. 310.) Nor was plaintiff precluded from disproving the presumption by parol evidence because of his written acknowledgment of payment of defendant's indebtedness to him. The rule which precludes the introduction of parol evidence to alter, add to, or contradict a written instrument applies to contracts. A mere receipt, however, is always open to explanation by parol. *Southwick* v. *Hayden*, 7 Cow. 334; *McCrea* v. *Purmort*, 16 Wend. 460; *Murray* v. *Gouverneur*, 2 Johns. Cas. 438; *House* v. *Low*, 2 Johns. 378; *Ensign* v. *Webster*, 1 Johns. Cas. 145; *Putnam* v. *Lewis*, 8 Johns. 389; *Davis* v. *Allen*, 3 N. Y. 168. To substantiate his defense that the note was accepted in payment, defendant called Weyman, who testified in substance that plaintiff agreed to accept his note in discharge of defendant's debt, and refuted plaintiff's version of the purport of its delivery to him. Weyman's credibility, however, was directly impeached by proof of his ill repute for truth and veracity, and it was competent, therefore, for the trial justice to reject his testimony. Defendant himself sought to contradict plaintiff by asserting that in an interview with him plaintiff agreed to accept Weyman's note in payment. Defendant's testimony, however, was that of a party in interest, and so subject to discredit without direct impeachment. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Kavanagh* v. *Wilson*, 70 N. Y. 177. At most, the testimony presented a mere conflict of evidence, upon which the trial justice was required to determine the facts.. We are unable to say that he erred in believing plaintiff as against the testimony for the defense, and, as the trial justice had the advantage of personally observing the witnesses while under examination, we should submit to his determination of the credibility of their testimony. *Baird* v. *Mayor, etc.*, 96 N. Y. 567.

There is still another ground upon which the judgment appealed from should be affirmed. It sufficiently appeared in evidence that at the time of the delivery of his note Weyman knew himself to be insolvent, and unable to meet it at maturity, but of which plaintiff was ignorant. The attempt, therefore, to foist his worthless note upon plaintiff, was in furtherance of an evident design to perpetrate a fraud, upon the discovery of which plaintiff was justified in repudiating any agreement to receive the note in satisfaction of his demand against defendant, and was thereby restored to his original rights as defendant's creditor; and, assuming defendant to have been ignorant at the time of Weyman's insolvency, it will not be presumed that plaintiff intended to accept an insolvent person in the place of his original debtor, in the absence of convincing evidence to that effect. *Roberts* v. *Fisher*, 43 N. Y. 159. The judgment appealed from is affirmed, with costs.