## PITT et al. v. FREED.

(Supreme Court, General Term, Second Department. December 12, 1892.)

ARREST IN CIVIL ACTION—ELECTION OF REMEDIES.

Where a party is sued in the courts of another state for a debt fraudulently contracted, and an attachment procured by plaintiffs is vacated, and judgment for plaintiffs is taken on the contract for goods sold, no order of arrest can be granted in an action on the original fraud in New York; since after judgment such order is only allowable when the original cause of action was such as to authorize the order, and the second action is brought on the foreign judgment, and since plaintiffs, having elected to take judgment on the contract, are not at liberty to make an arrest on it, or on the fraud which entered into the contract.

Appeal from special term, Kings county.

Action by Charles B. Pitt and others against Samuel C. Freed. From an order denying a motion to vacate an order of arrest, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Isaac N. Miller, for appellant.

J. Stewart Ross, for respondents.

BARNARD, P. J. The defendant contracted a debt with the plaintiffs by fraudulent representation. The plaintiff commenced an action in the court of Pennsylvania, where defendant lived, and procured an attachment. This attachment was vacated, and the plaintiffs entered up a judgment as upon a contract for goods sold. No order of arrest can be granted on the original fraud. The court of appeals held in Baxter v. Drake, 85 N. Y. 502, that a plaintiff is entitled to an order of arrest after judgment when the original cause of action was such as to authorize a plaintiff to an order for the arrest of the defendant, but that the action should be brought upon the foreign judgment. After the plaintiffs elected to take judgment on contract, they were not at liberty to make an arrest upon it, or upon the fraud which entered into the contract. They have elected their remedy. Caylus v. Railroad Co., 76 N. Y. 609; Moller v. Tuska, 87 N. Y. 166. A new judgment recovered herein in this state would not be for the same cause of action as that in the Pennsylvania judgment. The order should be reversed, with $10 costs and disbursements. All concur.