GILES E. LEACH and PHILEMON H. ANDREWS, Composing the Firm of LEACH & ANDREWS, Respondents, *v.* CHARLES F. LINDE, Appellant.

*Order of arrest — action upon a foreign judgment.*

By force of section 552 of the Code of Civil Procedure, an order of arrest is properly granted against the defendant in an action brought in the Supreme Court of the State of New York upon a judgment recovered in another State for damages caused by the false and fraudulent representations of the defendant.

APPEAL by the defendant, Charles F. Linde, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the city and county of New York on the 2d day of June, 1893, denying the defendant's motion to vacate an order of arrest.

Section 552 of the Code of Civil Procedure is as follows: "The recovery of judgment in a court, not of the State, for the same cause of action; or, where the action is founded upon fraud or deceit, for the price or value of the property obtained thereby, does not affect the right of the plaintiff to arrest the defendant as prescribed in this title."

*Edward S. Clinch*, for the appellant.

*Lorenzo Semple*, for the respondents.

PER CURIAM:

October 20, 1891, the plaintiffs recovered a judgment against the defendant in the Superior Court of Wake county, in the State of North Carolina, for $6,398 damages, caused by the false and fraudulent representations of the defendant. The judgment has not been reversed and remains wholly unpaid, and this action is for the recovery of the amount due on it.

An order of arrest was granted which the defendant moved to vacate on the papers on which it was granted and so there was no dispute about the facts.

In *Baxter* v. *Drake* (22 Hun, 565; affd., 85 N. Y. 502) an action was brought in the Supreme Court of this State on a judgment recovered in the United States Circuit Court for the eastern district of Tennessee, for damages occasioned by the conversion of property. An order of arrest was issued in the action and it was held that under section 552 of the Code of Civil Procedure that it was properly granted. This section clearly authorizes an order of arrest in such a case.

It is urged by the appellant's counsel that *Gutta Percha & R. Mfg. Co.* v. *Mayor*, etc. (46 Hun, 237; rev., 108 N. Y. 276), is in conflict with the case first cited. In that case it was held that a judgment recovered in another State, it not appearing whether it was founded on contract or in tort, was a contract within the meaning of section 635 of the Code of Civil Procedure, which prescribes cases in which attachments may be issued. The question

decided in the latter case is not germane to the one decided in the former, as the cases arose under different sections of the Code.

The order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.