PITT et al. v. FREED.

(Supreme Court, General Term, Second Department. May 14, 1894.)

FOREIGN JUDGMENT—RIGHT TO SUE ON ORIGINAL CAUSE OF ACTION.
Under Code Civ. Proc. § 552, which provides that a recovery of judgment in a foreign state for the price or value of property obtained by fraud or deceit does not affect plaintiff's right to arrest defendant, an action may be maintained in New York on the original cause of action, though a judgment has been recovered thereon in another state.

Appeal from circuit court, Kings county.

Action by Charles B. Pitt and others against Samuel C. Freed to recover certain goods sold by plaintiffs to defendant. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Isaac N. Miller, for appellant.

J. Stewart Ross, for respondents.

DYKMAN, J. This is an appeal from a judgment in favor of the plaintiffs, entered upon the decision of a judge after a trial before him without a jury. The action was for the recovery of a quantity of butter sold and delivered by the plaintiffs to the defendant; and the amended complaint charges fraud against him, in contracting and incurring the liability. An order of arrest was obtained in the action, which was vacated by the general term. Previous to the commencement of this action, the plaintiffs brought suit in Pennsylvania, where the defendant lived, and procured an attachment therein against his property. The attachment was vacated, and the plaintiffs took a judgment in that action for the price of the butter. When this cause was brought to trial, the defendant admitted the truth of all the allegations in the complaint, and consented that all the facts therein stated be found as if proven by evidence, and then moved for judgment in his favor, dismissing the complaint, because it failed to state facts sufficient to constitute a cause of action, in that it appeared therein that a judgment between the same parties for the value of the property referred to had been obtained by the plaintiff, which constituted a bar to this action. The trial judge decided in favor of the plaintiffs, and from the judgment entered upon his decision the defendant has appealed.

The sufficiency of the facts to constitute a cause of action, and to justify an order of arrest in the action, is beyond doubt; but the misfortune is that the defendant has been misled by the decision of the general term reversing the order denying his motion to vacate the order of arrest. 21 N. Y. Supp. 300. A re-examination of the case satisfies us that this court fell into an error. The order of arrest was properly made, and its reversal was erroneous. The effect of the judgment in a court of a sister state is now defined by section 552 of the Code of Civil Procedure, which is new; and it was intended to settle the question, which was somewhat uncertain. That section provides that the recovery of a judgment in a court not of the state, for the same cause of action, or, where the action is founded upon fraud or deceit, for the price or the value of the property obtained thereby, does not affect the right of the plaintiff to arrest the defendant, as prescribed in this title. The effect and operation of this section were defined by the court of appeals in the case of Baxter v. Drake, 85 N. Y. 502, where it was said of this section:

"The provision cited clearly declares that, where a judgment has been recovered in the court of another state for the same cause of action, the right of a party to an order of arrest is not affected. This interpretation gives the right to prosecute upon the demand, the same as if no judgment had been

obtained; and whether the suit was upon the judgment, or upon the original cause of action, separately, is not, I think, material, and cannot affect the right conferred, as 'the same cause of action' evidently means the cause of action on which the judgment was entered."

To the same effect is Leach v. Linde, 73 Hun, 246, 25 N. Y. Supp. 1042. These authorities justify the decision of the trial judge, and the judgment should be affirmed, with costs. All concur.