(28 Civ. Proc. R. 179.)

### MILLBURY v. HEITZBERG.

(Supreme Court, Special Term, New York County.   July, 1898.)

1. ARREST—ACTION ON FOREIGN JUDGMENT.
    Under Code Civ. Proc. § 552, providing that the recovery of judgment in another state for the same cause of action shall not affect plaintiff's right to arrest defendant in this state, an order for the arrest of defendant may be granted in an action in New York on a foreign judgment alleging fraud in the original transaction, though no fraud was alleged in the action resulting in such judgment.

2. SAME.
    The receipt of a check by the creditor, which is afterwards returned dishonored to the debtor, does not change the rights or remedies originally possessed by the creditor.

Action by one Millbury against one Heitzberg on a judgment, charging fraud in contracting the original liability.   The judgment sued on was rendered in New Jersey in an action for goods sold and delivered,

no fraud being alleged.    Defendant moves to vacate the order for his arrest.    Denied.

Emanuel Eschwege, for the motion.
Henry L. Maxson, opposed.

GIEGERICH, J.    The judgment rendered in the state of New Jersey is not, in my opinion, a bar to the maintenance of the action in its present form.    The authority relied upon by the defendant (Pitt v. Freed [Sup.] 21 N. Y. Supp. 300) has been overruled by a subsequent decision in the same case (28 N. Y. Supp. 863).    In the course of that decision, the court, through Dykman, J., said:

"The effect of the judgment in a court of a sister state is now defined by section 552 of the Code of Civil Procedure, which is new; and it was intended to settle the question, which was somewhat uncertain.    That section provides that the recovery of a judgment in a court not of the state, for the same cause of, action, or where the action is founded upon fraud or deceit, for the price or value of the property obtained thereby, does not affect the right of the plaintiff to arrest the defendant, as prescribed in this title.    The effect and operation of this section were defined by the court of appeals in the case of Baxter v. Drake, 85 N. Y. 502, where it was said of this section: 'The provision cited clearly declares that, where a judgment has been recovered in the court of another state for the same cause of action, the right of a party to an order of arrest is not affected.    This interpretation gives the right to prosecute upon the demand the same as if no judgment had been obtained; and whether the suit was upon the judgment, or upon the original cause of action separately, is not, I think, material, and cannot affect the right conferred, as "the same cause of action" evidently means the cause of action on which the judgment was entered.'    To the same effect is Leach v. Linde, 73 Hun, 246, 25 N. Y. Supp. 1042."

The defendant further claims that the receipt by the plaintiff of the check for $95 operated to change the character of the action, but, as it was returned dishonored, the plaintiff was restored to the rights and remedies which he originally possessed against the defendant.    Thorman v. Polya, 1 Misc. Rep. 176, 20 N. Y. Supp. 689; Roberts v. Fisher, 43 N. Y. 159; Stedman v. Gooch, 1 Esp. 3.

The motion to vacate the order of arrest is therefore denied, with $10 costs to the plaintiff to abide the event.